IN THE MIDDLE DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED

2005 DEC -1  P 2:08

| | | |
|---|---|---|
| Stephen D. Paulk | § § § § § § § | |
| Plaintiff, | | |
| | | Case No. 2:05cv1141-T |
| v. | § § § | |
| Francis J. Harvey, Secretary of the Army & the Department of the Army | § § § § § | |
| Defendants. | | |

**COMPLAINT**

Comes now the Plaintiff, Stephen D. Paulk, and files this his complaint and shows unto the Court as follows:

**JURISDICTION**

2.   This cause is brought under the provisions, Title VII, § 703, Civil Rights Act of 1964, as amended, the Age Discrimination in Employment Act of 1967 (ADEA), 29 U. S. C. §621, The Older Workers' Benefit Protection Act (Pub. L. 101-433), as amended, and the Civil Rights Act of 1991 (Pl 102-166), with jurisdiction posited under 28 U. S. C. § because the case presents a question of federal law.

## **PARTIES**

2. The Plaintiff, Stephen D. Paulk, is now and was at all times relevant hereto, over the age of 40 years, a member of the ADEA protected age group (PAG), and a resident citizen of the State of Alabama, residing in the city of Ramer, County of Montgomery.

3. The Defendants, Francis J. Harvey and the Department of the Army are now and were at all times relevant hereto, and were the entities responsible through which employment decisions were made and executed.

4. In performing all acts as averred in this Complaint, the Defendant, Francis J Harvey was acting as the agent of the Department of the Army.

## **FACTS GIVING RISE TO CASUE OF ACTION**

5. The Plaintiff is and was at all times relevant hereto in the ADEA protected age group (PAG).

6. The Plaintiff applied for and was qualified for the job at issue and despite these qualifications, he was rejected based on illegal discriminatory criterion.

7. The Defendants' disparate treatment has resulted in an adverse impact on the Plaintiff.

8. The Plaintiff filed an Administrative EEO Compliant and Appeal with the EEOC regarding this matter, but received notice on 29 October 2005 that the request to have the EEOC reconsider the decision regarding the EEOC appeal in this matter had been denied.

9.

**CLAIM UNDER 29 USC § 621 Title VII, § 703, Civil Rights Act of 1964, as amended, The Older Workers' Benefit Protection Act (Pub. L. 101-433), as amended, and the Civil Rights Act of 1991 (Pl 102-166, as amended**

9. The allegations of paragraphs 1 through 8 hereof are adopted as part of this claim under 29 U. S. C. § 621, Title VII, § 703, Civil Rights Act of 1964, as amended, The Older Workers' Benefit Protection Act (Pub. L. 101-433), as amended, and the Civil Rights Act of 1991 (Pl 102-166) the same as if set out herein in full.

10. Under provisions of 29 U. S. C. § 621, Title VII, § 703, Civil Rights Acts of 1961 and 1964, as amended, The Older Workers' Benefit Protection Act (Pub. L. 101-433), as amended, the Plaintiff is authorized to bring a civil action within 90 calendar days of receipt of the agency's final decision and to receive compensatory damages for future pecuniary losses,

emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other nonpecuniary losses.

WHEREFORE, the premises considered, the Plaintiff prays for the relief provided for under the terms of the Civil Rights Act of 1991 § 102, including his costs and such attorney's fees as may be awarded under the Civil Rights Act of 1991 §102. Moreover, the Plaintiff requests the court to appoint a lawyer to represent him and to authorize the commencement of the action without the payment of fees, costs, or security.

Respectfully submitted this the 1st day of December 2005.

Stephen D. Paulk
1786 Hillabee Road
Ramer, AL  36069
334-562-9453

Prose Plaintiff