# Defendant's Exhibit 6

# FINAL AGENCY DECISION



**DEPARTMENTS OF THE ARMY AND THE AIR FORCE**
NATIONAL GUARD BUREAU
1411 JEFFERSON DAVIS HIGHWAY
ARLINGTON, VA 22202-3231



DEFENDANT'S EXHIBIT
CASE NO. 2:05cv1141
EXHIBIT NO. 6

Office of Equal Opportunity and
Civil Rights

14 FEB 2005

SUBJECT: Discrimination Complaint of Staff Sergeant (SSG) Stephen Dwight Paulk, Alabama Army National Guard, Dr. Francis J. Harvey, Secretary of the Army, NGB Case No. T-0072-AL-A-01-02-A

SSG Stephen Dwight Paulk
1786 Hillabee Road
Ramer, AL 36069

Dear SSG Paulk:

This letter constitutes the final decision of the National Guard Bureau (NGB) on subject discrimination complaint and the rights of further appeal.

You were issued a notice of investigation completion and advised of your rights in connection with that action. You requested a final decision by NGB.

It is the National Guard Bureau's decision to adopt the finding of no discrimination on the issue raised in this complaint. The decision is based on a review and analysis of all evidence of record, and a conclusion that the preponderance of the evidence supports this decision.

## Issues Presented

In the formal complaint, SSG Stephen Paulk (hereinafter referred to as complainant), alleged discrimination against the Alabama National Guard on the basis of age (51) when he was non-selected for the Aircraft System Supervisor position, Job Announcement Number 01-180 by the selecting official CW3 Donald MacGregor.

## Background

The complainant is a male employee of the Alabama National Guard who was born in May 1950. On December 13, 2001, complainant, an Aircraft Mechanic with the Alabama National Guard filed a formal complaint based on age, when he was not selected to the position of Aircraft Systems Supervisor at AASF #3 in Mobile, Alabama.

Page - 2 -

SUBJECT: Discrimination Complaint of Staff Sergeant (SSG) Stephen Dwight Paulk, Alabama Army National Guard, Dr. Francis J. Harvey, Secretary of the Army, NGB Case No. T-0072-AL-A-01-02-A

## Analysis and Findings

The applicable NGB Regulation in this case is the National Guard Regulation (Army 690-600/National Guard Regulation (Air Force) 40-1614. The applicable statute in this case is Section 703(a)(1) of Title VII of the Civil Rights Act of 1964, as amended, which prohibits discrimination in employment on the bases cited by the complainant. The case law establishing the burden of proof in this case consist of McDonnell Douglas Corporation v. Green, 411 U.S. 792 (1973); Texas Department of Community Affairs v. Burdine, 450 U.S. 248 (1981) and St. Mary's Honor Center v. Hicks 509 U.S. 502 (1993). First, the complainant must establish a prima facie case of discrimination, which raises an inference that the challenged employment decision was based upon unlawful motives. Second, the employer must then rebut this inference by articulating a legitimate, non-discriminatory reason for the challenged employment decision. Third, the complainant must prove by a preponderance of the evidence that the employer's articulated reason is a pretext for unlawful discrimination.

The complainant established a prima facie case in that he is a member of a protected group, i.e. over the age of 40. Management denied that their actions were based on non-merit factors, rather on the qualifications of the candidate selected.

Management denied the allegations and articulated its reasons for the actions it took, and maintained that they were not discriminatory and produced witnesses and documentation to support its contention. Management contends that in selecting the best candidate, the Alabama National Guard stated that they had gained the services of a highly motivated individual.

The evidence presented by the complainant to establish pretext is unpersuasive to carry the complainant's ultimate evidentiary burden of proof. For example, the complainant has presented no persuasive evidence that the Agency's reasons are false or otherwise not the true reasons for not selecting him for the Aircraft System Supervisor position. The complainant has voluntarily retired from the Alabama National Guard.

Page - 3 -

SUBJECT: Discrimination Complaint of Staff Sergeant (SSG) Stephen Dwight Paulk, Alabama Army National Guard, Dr. Francis J. Harvey, Secretary of the Army, NGB Case No. T-0072-AL-A-01-02-A

## Conclusion

After reviewing the evidence of record, we conclude that the Agency provided legitimate, non-discriminatory reasons for its actions. The complainant was given the opportunity to rebut the Agency's legitimate non-discriminatory reasons for its decision and to show that the reason was pretextual. The complainant failed to show by a preponderance of the evidence that the Agency's decisions were made by the Agency to discriminate against him because of his age (51). Based on the applicable case law and a preponderance of the evidence, NGB-EO finds no discrimination.

## Rights of Appeal

In accordance with Chapter 8, National Guard Regulation (NGR) (AR) 690-600/NGR (Air Force) 40-1614 and Title 29 of the Code of Federal Regulations, Part 1614, you may appeal this decision within 30 calendar days of its receipt. You may file an appeal and a statement or brief in support of the appeal to: Office of Federal Operations Equal Employment Opportunity Commission, P.O. Box 19848, Washington, D.C. 20036 Fax Number (202) 663-7022. Facsimile transmissions over ten (10) pages will not be accepted. The appeal must be in writing and should use the enclosed EEOC Form 573, Notice of Appeal/Petition, indicating what is being appealed. The appeal may be filed by mail, personal delivery, or facsimile. A copy of your appeal must be sent to the Office of Equal Opportunity and Civil Rights (NGB-EO-CR), 1411 Jefferson Davis Highway, Arlington, VA 22202. A copy must also be sent to the State Equal Employment Manager, Alabama National Guard, TAG, AL SPMO EEO, Post Office Box 3711, Montgomery, Alabama 36109-0711.

Under Title VII of the Civil Rights Act, the Age Discrimination in Employment Act, or the Rehabilitation Act you may file a civil action in an appropriate U.S. District Court within 90 calendar days of receipt of this decision if no appeal has been filed with the EEOC; or within 90 calendar days of receipt of the decision on appeal; or after 180 calendar days from the date of filing an appeal if there has been no decision on the appeal. If you choose to file a civil action, and you do not have, or are unable to obtain the services of a lawyer, you may request the court to appoint a lawyer to represent you. In such circumstances as the court may deem just, the court may appoint a lawyer for you and may authorize the commencement of the action without the payment of fees, costs, or security. Any such request must be made within the above time limits and in such form and manner as the court may require.

Page - 4 -

SUBJECT: Discrimination Complaint of Staff Sergeant (SSG) Stephen Dwight Paulk, Alabama Army National Guard, Dr. Francis J. Harvey, Secretary of the Army, NGB Case No. T-0072-AL-A-01-02-A

If you file civil action, you must name the Secretary shown in the subject of this letter as defendant. Failure to do so may result in loss of judicial redress to which you may be entitled.

Sincerely,

Felton Page
Director, Office of Equal Opportunity and
 Civil Rights
National Guard Bureau

Enclosure
as stated

Copies Furnished:

Adjutant General, State of Alabama
State Equal Employment Manager, Alabama
State Judge Advocate, Alabama