# REQUEST FOR PRODUCTION TO DEFENDANT

## SET ONE

Plaintiff request the Defendants, Francis J.Harvey, Secretary of the Army and the Department of the Army, produce the following documents and things:

## DEFINITIONS

1. The terms materials and/or documents means: all writings of any kind, including the originals and all non-identical copies, whether different from the originals by reason of any annotations or notations on such copies or otherwise, and whether printed, recorded, created, or reproduced by any mechanism, media or process or written or produced by hand including, but not limited to written materials, personal calendars, regulations and instructions, files, letters, e-mails, postcards, teletypes, telfax, mailgrams, tape recordings, memorandums, summaries, notes, files, intra and inter office memorandums, memorandums for the record, phone notes, phone records, phone logs, and communications, photographic slides, pictures, motion picture films, negatives, microfiche, newspapers, magazines, charts, graphs, drawings, notes of interviews, scoring sheets, comparative candidate evaluations, phone calls, statements and testimony of witnesses, findings of investigations, investigator notes, transcripts, testimony, names of experts and witnesses expected to be called at trial, materials furnished to witnesses and experts expected to be called at trail, pamphlets, bulletins, regulations, instructions and any and all materials containing or pertaining to the personnel file and/or EEO complaint of the Plaintiff, HRO assessments of applications, interview and selection process for the position of Aviation Aircraft Supervisor, WS 8801 10, and WS 8801 10.

2. Identify when referring to a document request, means the following information be supplied:

    1. A description of the document
    2. The date of the document

    3. The name of the individual or individuals who may have authored the document or provided information for the document
    4. The names of the individual or individuals to whom the document and/or was sent
    5. A general description of the subject matter of the document and/ or information; and
    6. The name or names of any person who sent the document and/or information.

3. Identify when using a reference to a person, organization, or entity, requests that the following information be supplied:
    1. The correct name and address of that person, organization, or entity;
    2. The correct name and address of that person (s) employers and his/her correct job title if reference is made to that person;
    3. If the information requested contains the name of a person that is no longer employed or associated with the Defendant then the Defendant or its Attorneys should supply not only the correct name and last known address of that person but that person(s) date of birth, social security number, last known employer and last known employer's address;
    4. If the interrogority requests the identiy of an individual, organization, or entity whose name has changed, then supply all names that are necessary to understand such a change.

## INSTRUCTIONS

1. Wherever information if requested, the requested is deemed to include all information generated by, reviewed by, possessed by, maintained by and/or used by this Defendant, its past and present contractors, attorneys and all military personnel, employees, and/or officers and agents of this Defendant.
2. Wherever information if requested, due to the dual military and civilian status of military technicians, the requested is deemed relevant whether produced by any/all individuals while acting in their military or civilian capacity, and therefore, the military and/or civilian titles of the named individuals listed in the request shall not limit and or restrict access to information should the information be generated,

produced, maintained, used, accessed by the individual in either capacity regardless of the titles used in the request.

3. Should this Defendant claim any of the documents and/or information to be privileged, Defendant shall list such documentation and/or information in the manner indicated, and in addition to supplying the above noted information concerning such documents, Defendant shall indicate what privilege is claimed and shall briefly state the ground on which the claim is made in order that the Plaintiff may have the factual basis to determine whether or not such documents are, in fact, privileged.

***

1. Position Description 40080000, Aircraft Systems Supervisor, WS 8801 10, and any and all materials and/or documents related to the position classification review and approval of said position, including but not limited to any advisory classifications, classification reviews, and notes and or reference materials and correspondence including e-mails, inter/intra office memos, letters, phone logs and/or notes used by and/or written or made by the classifier, HR/Personnel representatives and employees, classification approval official(s), the position Supervisor(s) and/or any one who reviewed and/or approved said position classification, including but not limited to any and all materials related to agency and supervisor certifications as to the accuracy of the position description.

2. Any and all drafts and issuances of Alabama Army National Guard Military Technician Vacancy Announcement Numbered 01-180 as well as any and all documents and/or materials used in, or related to the review and approval of said vacancy announcement, including, but not limited to materials or documents regarding, referencing and/or discussing the identification and approval of specialized and general experience requirements; the identification and approval of knowledge, skills, and abilities requirements, the identification and approval of the position description 4008000 requirements, the identification and approval of MOSs that the individual must be assigned prior to being placed in the position, the identification and

approval of the area of consideration, the identification and approval of the military grade requirements, and any and all materials or documents regarding, referencing and/or discussing position compatibility requirements and/or military grade inversion.

3. Any and all documents and/or materials associated with, used, and/or developed, and/or produced in support of Merit Promotion Certificate Number 01-180, including but not limited to any and or all Crediting, Rating, and/or Ranking Plans and/or any materials or documents developed, used, or produced to establish the factors and weights to be used in evaluating applications for Alabama Army National Guard Military Technician Vacancy Announcement Number 01-180.

4. Any and all documents and or materials sent to CW3 MacGregor by the Human Resources Office, including but not limited to the list of seven applicants and their applications and or OF 612s, the position description, guidance on EEO policies, and any guidance for reviewing applicants and making a candidate selection for the Military Technician Vacancy Announcement Number 01-180.

5. Any and all documents and/or materials developed, used or produced to evaluate and/or determine eligible candidates/applicants for said vacancy announcement (Alabama Army National Guard Military Technician Vacancy Announcement Numbered 01-180), including but not limited to any ranking or scoring sheets, assessment tools, notes, annotations, and/or any materials used and/or produced to designate and or identify eligible or ineligible applicants/candidates as well as any correspondence, documents, or materials developed during this applicant review and ranking process, including but not limited to e-mails, inter/intra office memos, letters, phone logs and/or notes, and/or memos for the record regarding this matter.

6. Any and all documents and/or materials associated with, used, developed, and/or produced for the eligibles' comparative evaluation ratings, including but not limited to the qualifications and

comparative evaluation rating for each and every eligible candidate listed on the Merit Promotion Certificate Number 01-180 Referral and Selection Certificate.

7. Any and all correspondence, documents and/or materials originated by and/or received by Lt Col Donnie R. Davis, Deputy HRO regarding, referencing, discussing, or related to Alabama Army National Guard Military Technician Vacancy Announcement Number 01-180 and/or Merit Promotion Certificate Number 01-180, including but not limited to e-mails, inter/intra office memos, memos for the record, letters, inter/intra office routing slips and/or any and all documents, materials, or correspondence, including e-mails, letters, inter/intra office memos, phone notes, phone records, and phone logs regarding, referencing, discussing, or related to said Vacancy Announcement and/or Merit Promotion Certificate.

8. Any and all documents, materials, correspondence, including but not limited to e-mails, inter/intra office memos, memos for the record, letters, inter/intra office routing slips and/or any and all documents, materials, or correspondence, including e-mails, letters, inter/intra office memos, phone notes, phone records, phone logs, rules, regulations, instructions regarding, referencing, discussing, or related to and/or used to determine or promulgate the NGB position compatibility criteria for PD Number 4008000.

9. List of the names, military rank, civilian grade, and both the civilian position and military billet of any and all individuals promoted to any military technician position(s) with AASF#1. AASF#2, and/or AASF #3 during calendar years 1996, 1997, 1998, 1999, 2000, 2001, and 2002. Identify those individuals who were reassigned and/or transferred to/from positions with AASF #1, AASF #2, and/or AASF#3 prior to or after selection for a military technician position which, without the reassignment or transfer would have resulted in a military grade inversion or a determination that the individual (s) held or would hold a position that did not meet the NGB position compatibility criteria in effect at the time.

10. List of any and all AASF #1, AASF#2, and/or AASF#3 personnel reassignments and/or reorganization of offices made during calendar years 1996, 1997, 1998, 1999, 2000, 2001, and 2002 to prevent a grade inversion situation and/or to permit the promotion of a military technician who otherwise would not have met the NGB position compatibility criteria in effect at the time.

11. Identify and list the names, military rank, civilian grade, and both the civilian position and military billet of any and all individuals non-selected or disqualified for promotion to any military technician position(s) with the AASF #1, AASF#2, and/or AASF #3 during calendar years 1996, 1997, 1998, 1999, 2000, 2001, and 2002 due to the individual (s) not meeting the NGB position compatibility criteria in effect at the time and/or due to, or because of military grade inversion or the potential for military grade inversion if the individual(s) were selected.

12. Any and all Merit Promotion and Referral and Selection Certificates for any and all AASF#1, AASF #2, and/or AASF#3 military technician positions filled during calendar years 1996, 1997, 1998, 1999, 2000, 2001, 2002 including, but not limited to information contained therein regarding the individual selected, information regarding the selectee's unit, military grade and whether or not the selectee was assigned to the compatible position as required by the NGB compatibility criteria in effect at the time, as well as any and all correspondence, materials, and/or documentation related to future military assignments (grade, unit or MOS) of the technician(s) selected, including, but not limited to any correspondence, memos, letters, phone logs and/or notes coordinating such military assignments with AL-HRO.

13. Regarding the interviews for the position of Aircraft Systems Supervisor, (Vacancy Announcement Number 01-180) conducted by CW3 Donald MacGregor, III, produce any and all documents produced and or used by the interviewer, including, but not limited interview questions and each and every candidates' responses to each interview question, any and all notes taken prior to, during and after the candidate interviews, and any rating, ranking, or candidate scoring sheets used by or produced by CW3 MacGregor to include,

but not limited to the ranking and/ or rating of each and every candidate interviewed by CW3 MacGregor.

14. Regarding the interviews for the position of Aircraft Systems Supervisor, Vacancy Announcement Number 01-180 conducted by CW3 Donald MacGregor, III, produce any and all documents, materials, and/or information transmitted by CW3 Donald MacGregor, III to HRO, and/or LTC Charles Bonasera, and/or Lt Col Donnie R. Davis and/or Cecil Wayne Wiggins.

15. Any and all correspondence, documents and/or materials originated by and/or received by CW3 Donald MacGregor, III, regarding, referencing, discussing, mentioning or related to Alabama Army National Guard Military Technician Vacancy Announcement Number 01-180 and/or Merit Promotion Certificate Number 01-180, including but not limited to e-mails, inter/intra office memos, memorandums for the record, letters, inter/intra office routing slips or memos, phone notes and phone logs regarding, referencing or discussing and or mentioning said Vacancy Announcement, and/or Merit Promotion Certificate Number 01-180, and/or the intended and/or actual interview questions, and any and all materials, documents and/or correspondence and/or discussions with LTC Bonasera regarding, referencing, discussing, mentioning or related to who would be eligible for the position of Aircraft Systems Supervisor, (Vacancy Announcement Number 01-180) based on military rank.

16. Any and all correspondence, documents and/or materials originated by and/or received by LTC Charles Bonasera, referencing, discussing, mentioning or related to Alabama Army National Guard Military Technician Vacancy Announcement Number 01-180 and/or Merit Promotion Certificate Number 01-180, including but not limited to e-mails, inter/intra office memos, memorandums for the record, letters, inter/intra office routing slips or memos, phone notes, phone records and/or phone logs regarding, referencing or discussing and or mentioning said Vacancy Announcement, and/or Merit Promotion Certificate Number 01-180, and/or the intended and/or actual interview questions, and/or discussions with CW3 MacGregor or other personnel regarding who would be eligible for

the position of Aircraft Systems Supervisor, (Vacancy Announcement Number 01-180) based on military rank.

17. Any and all correspondence, e-mails, documents, inter and intra office memorandums and routing slips or memorandums, memos for the record, phone logs, records and or notes and/or all other materials originated by and/or received by LTC Charles Bonasera, referencing, discussing, mentioning or related to personnel transfers and/or reassignments, and/or the actual or potential for reorganization of AASF#1, AASF#2, and or AASF#3 including but not limited to e-mails to and/ or from Sammy Paulk, and/or CW3 MacGregor, and/or LTC Joseph A. Price, and/or Bill Kennedy, and/or Col Petty, and/or Lt Col Donnie R. Davis, and/or Pamela Phillips.

18. Any and all correspondence, e-mails, documents, inter and intra office memorandums and routing slips or memorandums, memos for the record, phone logs, records and or notes and/or all other materials sent to or receive by CW3 MacGregor to/from Cecil Wayne Wiggins referencing, discussing, mentioning or related to the position of Aircraft Systems Supervisor, (Vacancy Announcement Number 01-180.

19. Any and all correspondence, e-mails, documents, inter and intra office memorandums and routing slips or memorandums, memos for the record, phone logs, records and or notes and/or all other materials sent to or receive by Cecil Wayne Wiggins to/from CW3 MacGregor referencing, discussing, mentioning or related to the position of Aircraft Systems Supervisor, (Vacancy Announcement Number 01-180).

20. Any and all information and documents pertaining to the 7 February 2002 initial dismissal of the Plaintiff's EEO Compliant including but not limited to all correspondence documents, memorandums, letters, e-mails discussing, referencing, or mentioning the basis for the initial dismissal of the Plaintiff's EEO Complaint.

21. Regarding the initial dismissal of the Plaintiff's EEO Complaint, produce any and all materials and or documents regarding, referencing, mentioning, or discussing the Plaintiff's and or Selecting Official's rank and or the rank of any individuals in the unit and/or organization.

22. Regarding the initial dismissal of the Plaintiff's EEO Complaint, produce any and all materials and or documents regarding, referencing, mentioning, or discussing military grade inversion.

23. Regarding the initial dismissal of the Plaintiff's EEO Complaint, produce any and all materials and or documents regarding, referencing, mentioning, or discussing that if the Plaintiff had been selected, he would not have been able to encumber the position.

24. Regarding the NGB reversal of the initial dismissal of the Plaintiff's EEO Compliant, produce all materials and/or documents reviewed and/or used by National Guard Bureau Office of Equal Opportunity to make its findings that the initial dismissal was improper.

25. Complete Report of Investigation in the Compliant of SSG Stephen Paulk (NGB Case No. T-0072-AL-01-02-A), including, but not limited to any and all testimony and statements.

26. Regarding the Report of Investigation in the Compliant of SSG Stephen Paulk (NGB Case No. T-0072-AL-01-02-A), produce all materials and or documents used by management to support its contention that its actions were not discriminatory, including but not limited to management's stated reasons for its actions and any and all statements and or interviews with management witnesses.

27. Regarding the Report of Investigation in the Compliant of SSG Stephen Paulk (NGB Case No. T-0072-AL-01-02-A), produce all materials and or documents regarding management's denial of pre-selection.

28. Regarding the Report of Investigation in the Compliant of SSG Stephen Paulk (NGB Case No. T-0072-AL-01-02-A), produce a list of all witnesses interviewed by or who provided statements or testimony to the Investigator.

29. Regarding the Report of Investigation in the Compliant of SSG Stephen Paulk (NGB Case No. T-0072-AL-01-02-A), produce any and all transcripts of this investigation.

30. Regarding the informal complaint filed by the Plaintiff, produce all correspondence, letters, memorandums, and/or document submitted to BG Michael Sumrall, the Adjutant General.

31. Regarding the informal complaint filed by the Plaintiff, produce any and all records of contact between SFC Michael G. Woodall and BG Michael H. Sumrall, the Adjutant General, including but not limited to including but not limited to e-mails, inter/intra office memos, memorandums for the record, letters, inter/intra office routing slips or memos, phone notes, phone records, and or phone logs regarding, referencing or discussing and or mentioning the informal complaint filed by the Plaintiff.

32. Regarding the informal complaint filed by the Plaintiff, produce any and all records of contact between SFC Michael G. Woodall and 1LT Caldwell including but not limited to including but not limited to e-mails, inter/intra office memos, memorandums for the record, letters, inter/intra office routing slips or memos, phone notes, phone records, and or phone logs regarding, referencing or discussing and or mentioning the informal complaint filed by the Plaintiff.

33. Regarding NGR 600-25/ANGI 36-102, produce any and all submissions for exceptions to policy or requests for waivers on military grade inversions for AASF #1, AASF #2, and AASF #3 submitted by the Human Resources Office to NGB-ARP during 1996, 1997, 1998, 1999, 2000, 2001, and 2002.

34. The complete military and civilian personnel files of the Plaintiff.

35. The complete military and civilian personnel file of SFC Cecil Wiggins which includes all performance evaluations/appraisals, training, and supervisory assignments and positions and any and all disciplinary actions or complaints.

36. The personnel file of CW5 Sammy Paulk which includes all performance evaluations/appraisals, training, and supervisory assignments and positions.

37. Performance appraisals/evaluations of SFC Robert Mustin for 1998, 1999, 2000 and 2001 and/or any civilian performance awards or military citations for the same periods as well as any disciplinary or discrimination complaints.

38. Contemporaneous photos of the Plaintiff, SFC Cecil Wayne Wiggins, and CW5 Sammy Paulk.