IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| STEPHEN D. PAULK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No.: 2:05-CV-1141-WKW-CSC |
| | ) |
| FRANCIS J. HARVEY, Secretary | ) |
| of the Army, and the DEPARTMENT | ) |
| of the ARMY. | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION
FOR FURTHER EXTENSION OF TIME**

Defendants Dr. Francis J. Harvey, Secretary of the Army, and the Department of the Army[1] (together hereinafter the "Army"), by their undersigned counsel, and in response to the plaintiff's second motion for extension of time in which to respond to defendant's Motion to Dismiss, states as follows:

1. The defendant filed its Motion to Dismiss in this matter on February 17, 2006. (Doc. 17). Thereafter the Court by order dated February 22, 2006, gave the plaintiff until March 3, 2006, to file any response he may have. (Doc. 19). On March 1, 2006, the plaintiff sought an extension of time to respond until no earlier than June 1, 2006. (Doc. 21). In response, the Court on March 2, 2006, extended the plaintiff's

---

[1] Defendants assert that Dr. Francis J. Harvey, Secretary of the Army, is the only proper defendant in this action as he is the head of the agency pursuant to 42 U.S.C. § 2000e-16(c) and that Defendant Department of the Army is not a proper party defendant and should be dismissed from this cause of action for lack of jurisdiction.

deadline until the existing deadline of May 1, 2006, approximately 9 weeks beyond the date for which the plaintiff's response was originally due. (Doc. 23).

2. Even given this substantial extension of time, the plaintiff took no proactive steps towards acquiring any information that may be in the possession of the defendant until at least March 30, 2006[2], some 4 weeks after being given an extension of time. On April 14, 2006, the parties were ordered to confer within twenty (20) days regarding the discovery requests. (Doc. 26).

3. Per the Court's Order, the parties met on April 24, 2006, and the defendant suggested to the plaintiff that it withhold its discovery requests until the court had ruled on the legal issues raised in its motion to dismiss. Defendant further offered to produce the entire administrative record within seven (7) to ten (10) days even if the discovery request was withdrawn. Additionally, defendant asked if plaintiff had any specific information that may be within the possession of the defendant that he needed to file a responsive pleading to the Motion to Dismiss. We also noted that since the plaintiff had actually worked in the National Guard facilities, unlike counsel for the defendant, he might be aware of specific matters that would allow for a more specific response. Plaintiff stated he had no such details and continued to request that his discovery request

---

[2] As noted in the defendant's Response to Plaintiff's Motion to Compel (Docs. 25 & 24, respectively), the defendant did not receive any discovery requests from the plaintiff until on or about April 10, 2006. Thus, the defendant was unaware of the plaintiff's request for discovery for approximately 39 days after the Court's extension of the plaintiff's deadline, or only 20 days prior to the existing deadline of May 1, 2006.

be fulfilled in every detail. The defendant's view is that the majority of the plaintiff's requests are objectionable on the bases of being irrelevant, not likely to lead to the discovery of relevant evidence, vague, calling for information that is privileged and/or protected under the Privacy Act and this was explained in great detail to the plaintiff. The defendant was hoping to minimize discovery disputes by allowing the plaintiff to view the available material and then submitting more pointed requests.[3] The plaintiff refused this approach and insisted upon specific responses to his requests. The defendant intends to provide such responses pursuant to the Court's Order.

4. In the spirit of compromise, and in an effort to further this case along, the defendant will make the administrative file available for copying and inspection, during normal business hours at the offices of Colonel Bryan Morgan, Staff Judge Advocate, Alabama National Guard, during the week of May 8 - 12, 2006. The defendant reserves, however, any and all objections it may have to any material contained therein.

5. Also in the spirit of compromise, the defendant would have no objections to the plaintiff's time to respond to the Motion to Dismiss being extended until June 1, 2006. An additional four (4) weeks on top of the nine (9) he was previously given seems more

---

[3] Interestingly, the plaintiff was asked several times of any specific instances of which he was aware that would lend support to his claims that he was not promoted on the basis of his age, and he could not identify any. Thus he could not identify any instances involving the selecting official in this case or any other alleged acts of age discrimination or grade inversion issues of which he was aware.

than ample time for him to prepare any response he may have to the limited bases upon which the Motion to Dismiss is based.[4]

WHEREFORE, premises considered, the defendant's have no objections to the plaintiff's request for an extension of time, to and including June 1, 2006.

Respectfully submitted this 27th day of April, 2006.

> LEURA G. CANARY
> United States Attorney
>
> By:   s/R. Randolph Neeley
> R. RANDOLPH NEELEY
> Assistant United States Attorney
> Bar Number: 9083-E56R
> Attorney for Defendant
> Post Office Box 197
> Montgomery, AL  36101-0197
> Telephone No.: (334) 223-7280
> Facsimile No.: (334) 223-7418
> E-mail:  rand.neeley@usdoj.gov

OF COUNSEL:

Lt. Col. Michael E. Hokenson
U.S. Army Litigation Division
901 North Stuart Street, Suite 401
Arlington, VA 22203-1837
Michael.Hokenson@hqda.army.mil
(703) 696-1606

---

[4] In fact, resolution of the Motion to Dismiss turns, in large part, upon the determination of legal issues that would require no, or little, factual development.  Moreover, the facts the plaintiff would need to establish a case for equitable tolling, for example, are largely, if not completely, facts within his exclusive knowledge.

## CERTIFICATE OF SERVICE

I hereby certify that on April 27, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and placed a copy of same in the United States mail, first class postage affixed, addressed to:

>Stephen D. Paulk, *Pro Se*
>1786 Hillabee Rd.
>Ramer, AL 36069

>>s/R. Randolph Neeley
>>Assistant United States Attorney