# Plaintiff's Exhibit 9

Mustion Declaration

IN THE MIDDLE DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| Stephen D. Paulk<br><br>Plaintiff,<br><br>v.<br><br>Francis J. Harvey, Secretary of the Army & the Department of the Army<br><br>Defendants. | Civil Action No. 2:05cv1141-T<br>(WO) |

DECLARATION OF MR. Robert Mustin

I, Robert Mustin, **Mobile, Alabama** make the following declaration pursuant to the provisions of 28 U.S.C. § 1746 and under penalty of perjury. I understand that this declaration will be filed in the United States District Court for the Middle District of Alabama. Northern Division, in the case of Stephen D. Paulk and that this declaration is the legal equivalent of a statement under oath.

1. I was employed as a full-time Military Technician with the Alabama National Guard at the Army Aviation Support Facility (AASF) #3 in Mobile, Alabama form July 82 to June 05. When the selection decision that is the subject of this litigation was made in August 2001, I was a Sergeant First Class (E-7/SFC) and was assigned to the position of Aircraft Electronics Mechanic and held the civilian grade of WG 11. From 1987 to 2005, I worked in the same facility as Cecil Wiggins and had an opportunity to personally observe his performance, his assignments, and his personal and professional relationships with the Maintenance Officer, CW3 MacGregor and with the facility commander, LTC Bonasera.

2. In the summer of 2001 AASF#3 in Mobile, Alabama had a Military Technician vacancy for an Aircraft Systems Supervisor. The Military Technician Vacancy Announcement

Number 01-180 was issued on July 20, 2001 with a closing date of August 9, 2001. The area of consideration for the announcement was statewide and the position was open for all qualified personnel with a military grade of officer, warrant officer, or enlisted.

    3. I applied for the position of Aircraft Systems Supervisor and deemed qualified and eligible for the position and referred to the Selecting Supervisor, CW3 Donald MacGregor on Merit Promotion Certificate Number 01-180. I was not selected for the position.

    4. Cecil Wiggins was clearly not the most qualified candidate for the Aircraft Systems Supervisor. Prior to this selection, Wiggins had no previous supervisory or management experience except what he gained through assignments as a temporary phase crew leader. These temporary assignments which allowed Wiggins to gain limited supervisory experience were not competitively awarded based on merit as there were clearly much more experienced personnel who were also interested in and requested consideration for the temp assignments, but the temp assignment were set up specifically for Wiggins to gain experience based upon his personal relationships with the Maintenance Officer and Facility Commander. Wiggins was a personal friend of the Facility Commander, LTC Bonasera and often socialized with the Colonel and his family and was often seen joking and socialing with the temporary Maintenance Officer, CW3 MacGregor after duty hours. In addition to the preferential consideration Wiggins received for temporary assignments, he was also allowed special access to parts and tools while others were denied the same accessibility and he was instructed in supervisory requirements.

    5. Wiggins never held a position of record as a supervisor and was never permanently assigned as a supervisor prior to his selection to the position in question. Wiggins also had limited supervisory and management experience in his military career. He was a medic in the 1133rd, a SSG, without any experience as a platoon sergeant. Prior to joining AASF #3, Wiggins worked in the Produce Department at Winn Dixie.

    6. Prior to the posting of the vacancy announcement, Wiggins told me that he had made a deal with Bonasera, the Facility Commander which would assure him a promotion. Wiggins said he had made an agreement with Bonasera that if he could complete the aircraft phase in 17 days he would get the next vacant supervisor position. Wiggins stated that he would do anything he had to do to get the supervisor's job

so he could get a better retirement and qualify for additional promotions, including lying if necessary if he thought he could get away with it. To help ensure Wiggins selection for the Aircraft Systems Supervisor, Bonasera assisted Wiggins in preparing his application and even proof reading Wiggins' final application before it was sent to HRO.

   7.   Age appears to be an issue with the selection of supervisory personnel at AASF #3 and every supervisory position goes not to the most qualified, but to someone younger who will be able to work for a longer time. Almost everyone knew that age was the reason Sammy Paulk (no relation to the Plaintiff) was not selected for the allied shop supervisory position. Not only was Wiggins younger than Sammy Paulk and Steve Paulk, he looks much younger than anyone else.

   8.   Although MacGregor and Bonasera assert that grade inversion would have prevented the Plaintiff, Stephen Paulk from being selected for the Aircraft Systems Supervisor position, there are numerous instances where personnel assignments were made without regard to the military grade inversion. I have personally observed many higher ranked drill personnel assigned to work for my supervisor who was of lower rank during the second phase of aircraft maintenance.

   I declare under penalty of perjury that the foregoing is true and correct. Executed on April 24, 2006.

*(signed)* Robert Mustin
Robert Mustin