# Plaintiff's Exhibit 21

*Plaintiff Letter Bug to EEOC*

1786 Hillabee Road
Ramer, AL 36069
October 24, 2005

Mr. Robert J. Barnhart, Director
Compliance and Control Division
Office of Federal Operations
U.S. Equal Employment Opportunity Commission
Office of Federal Operations
P.O. Box 19848
Washington, D.C. 20036

RE:
    (1) Docket No. 05A60066
    (2) Assoc No. 01a53922/
    (3) Appeal No. 01A53922/
    (4) Agency No. T-0072-AL-A-01-02-A

Ref(s):
    (A) Departments of the Army and Air Force LTR dated 14 February 05
    (B) My LTR to EEOC, Office of Federal Operations, dated 28 February 05
    (C) My LTR to Office of Equal Opportunity and Civil Rights (NGB-EO-CR) dated 28 February 05
    (D) My LTR to State Equal Employment Manager, AL National Guard, dated 28 February 05
    (E) Departments of the Army and Air Force LTR dated 5 April 05
    (F) My LTR to Departments of the Army and Air Force, Complaints Management Division, dated 7 April 05
    (G) US EEOC LTR dated 11 May 2005
    (H) My LTR to Mr. Robert J. Barnhart, EEOC, dated 23 May 2005
    (I) US EEOC LTR dated 29 Aug 2005
    (I) My LTR to Army National Guard Bureau, Office of Equal Opportunity and Civil Rights, dated 23 May 05
    (J) My LTR to State Equal Employment Manager, Alabama National Guard, dated 23 May 2005
    (K) US EEOC LTR dated 29 August 2005
    (L) My LTR to Mr. Calton M. Hadden, EEOC, dated 5 September 05
    (M) Departments of the Army and Air Force LTR dated 27 September 05
    (N) My LTR to Army National Guard Bureau, Office of Equal Opportunity and Civil Rights, dated 11 October 05
    (O) US EEOC LTR dated 18 October 05

Dear Mr. Barnhart,

The letter is in response to your 18 October 2005 letter notifying me that my request for reconsideration has been docketed (docket number 05A60066).

/

In your letter, you note that the Commission, in its discretion, may grant the request if the party demonstrates that (1) the appellate decision involved a clearly erroneous interpretation of material fact or law; or (2) the decision will have a substantial impact on the policies, practices, or operation of the agency. Your letter further stated that I was required to submit any supporting documentation or brief tat the time the request was filed.

In response, the following demonstrates that the appeal decision involved a clearly erroneous interpretation of material fact or law and will have a substantial impact on the policies, practices, or operation of the agency.

1. As the Commission's decision to dismiss the appeal was not based upon the merits of the case, but rather on a contention that I did not offer adequate justification for an extension of the applicable time limit for filing an appeal, the request for reconsideration must be granted based upon the following: (1) I submitted the appeal within the prescribed 30 time limit following the guidelines provided by the agency in it's letter notifying me of it's final decision. (2) In the agency's letter of notification final decision, I was instructed that the appeal must be filed within 30 calendar days of receipt of the letter and that the appeal could be filed via mail. (3) The agency's notification of final decision letter did not state that regular US mail was unacceptable means of submitting the appeal to EEOC. (4) Further, in the agency's notification of final decision letter, the guidance provided for how to file an EEOC appeal did not specify that a return receipt must be used. (5) In the agency's notification of final decision letter, the guidance provided for how to file an EEOC appeal also did not indicate that the appeal must be received by EEOC or postmarked within the 30 calendar days.

The agency's notification of final decision letter merely stated that the appeal must be filed within 30 days and that US mail was an acceptable means of filing the appeal. Because the appeal was filed on 28 February 2005 via regular US mail, the timeline requirements specified for submitting the appeal specified in the agency's notification letter were met.

If the EEOC requires that appeals be received by them within 30 calendar days; postmarked within the 30 calendar days; or that a return receipt must be used by the complainant to document that the appeal was submitted via US mail, then the guidance for filing an appeal provided by the agency must be changed thus fulfilling the requirement that the Commission's decision to reconsider my appeal must have an impact on the policies, practices, or operation of the agency. The agency's practice of providing erroneous instructions to complainants on how to file an appeal with the EEOC will be impacted by the Commission decision to reconsider my appeal. The following information regarding my appeal is provided as supporting the request for reconsideration on this basis.

   a. Agency notification of their final decision on my discrimination complaint was received via Ref (A). Ref (A) stated my right to appeal and provided the following guidelines for filing an appeal:
   *"...you may appeal this decision **within 30 calendar days of its receipt**. You may file an appeal and statement or brief in support of the appeal to: Office of Federal Operations Equal Employment Opportunity Commission, P.O. Box 19848, Washington, D.C. 20036 Fax Number (202) 663-7022. Facsimile transmissions over ten (10) pages will not be*

*accepted. The appeal must be in writing and should use the enclosed EEOC Form 573, Notice of Appeal/Petition, indicating what is being appealed. The appeal maybe filed by mail (emphasis added), personal delivery, or facsimile. A copy of your appeal must be sent to the Office of equal Opportunity and Civil Rights (NGB-EO-CR), 1411 Jefferson Davis Highway, Arlington, VA 22202. A copy must also be sent to the State Equal Employment Manager, Alabama National Guard, TAF, AL SPMO EEO, Post Office Box 3711, Montgomery, Al 36109-0711".*

Ref (A) stated that the appeal must be filed with EEOC within 30 calendar days of the receipt of Ref (A) and that the EEOC appeal may be filed by mail. Ref (A) did not state that the EEOC appeal must be postmarked or received by EEOC within 30 calendar days of receipt notice of the agency's final decision. The guidance also did not specify that return receipt was required.

b. My appeal of the agency's final decision was submitted to the Office of Federal Operations, Equal Employment Opportunity Commission via a letter dated 28 February 05 (Ref (B)). EEOC Form 573 (Rev 1/01) was enclosed with the letter. Ref (B) was mailed to the designated address via regular US Mail on 28 February 05.

c. Refs (C) and (D) fulfilled the requirements to submit copies of my EEOC appeal to the Army National Guard Bureau and to the State Equal Employment Manager. Because the guidance for filing appeals did not specify otherwise, these two letters were also mailed via regular US Mail on 28 February 05.

d.   Ref (E) notified me that as of 4 April 05, NGB-EO-CR had not been made aware of any further actions of my complaint and was therefore administratively closing my case.

e.   In Ref (F), I responded to the Chief of Complaints Management Division that I had in fact filed an appeal with EEOC on 28 February 05. I enclosed a copy of the letter submitted to EEOC, EEOC Form 573 (Rev 1/01), and copies of the letter filed with the Army National Guard Bureau and the State Equal Employment Manager. I requested that my case be administratively re-opened pending my appeal with EEOC.

f.   Ref (G) acknowledged receipt of my appeal and requested that I provide a brief in support of the appeal. Ref (G) directed that all materials filed in support of my appeal must also be proved to the State Employment Manager, Alabama National Guard and to the Army National Guard Bureau Office of Equal Opportunity.

g.   As you requested, on 23 May 05 I filed a brief in support of my appeal (Ref (H)).

h.   Refs (I) and (J) fulfilled the directions provided by you that I submit copies of all materials filled with the EEOC to the Army National Guard Bureau and to the State Equal Employment Manager.

3

      i. Ref (K) notified me that the Commission had dismissed my appeal. Ref (K) indicated that the dismissal *was not based upon the merits* of the case but on a contention that I had not met the prescribed timelines for filing an appeal.

      j.    Ref (L) requested reconsideration of the Commission's decision to dismiss the appeal, noting that the appeal was submitted via regular mail on 28 February 2005 within the prescribed 30 calendar day response period. Ref (L) stated that all requirements for filing an appeal specified in Ref (A) were met and therefore the appeal should be reconsidered.

      k.    Ref (M) provided me with a copy of the EEOC decision dated 29 August 2005 and requested that I provide the Army National Guard Bureau with a copy of any actions taken to exercise my rights as outlined in the EEOC 29 August 2005 decision letter.

      l.    Ref (N) provided the Army National Guard Bureau with a copy of my request for reconsideration of the EEOC appeal decision.

      m.    Ref (O) notified me that my request for reconsideration of the EEOC appeal decision has been docketed and assigned the docket number 05A60066.

2. As the Commission's decision to dismiss the appeal was not based upon the merits of the case, but rather on a contention that I did not offer adequate justification for an extension of the applicable time limit for filing an appeal, the request for reconsideration must be granted based upon the following demonstration that the Commission's decision to dismiss my appeal will have a substantial impact on the policies, practices, or operation of the agency. (1) The agency's practice of using non-job related, non-merit based selection criteria as a basis for making promotion decisions will go unaddressed if the commission does not reconsider my appeal. (2) The agency's practice of using interviews as the determinate factor in promotion decision while not providing required documentation of candidate interview evaluations will go unaddressed if the Commission does not reconsider my appeal. (3) If the Commission does not reconsider my appeal, then the agency's policy of using the non-merit factor of "military grade inversion" to render a candidate ineligible for a civil service promotion, even though the requisite KSAs for the civil service position do not pertain to military rank or skill, will not be addressed. (4) Also, if the Commission fails to reconsider my appeal, then the agency's practice of inconsistently using military grade inversion as a basis for non-selection will not be addressed. (5) Should the Commission fail to reconsider my appeal, then the Agency will continue to feel that selection of a less qualified comparator from the same PAG mutes the allegation of age discrimination. (6) Finally, if the Commission fails to reconsider my appeal, then the agency's pattern of promotions based on non-merit promotion practices will continue to support the on-going pattern of age discrimination at the agency.

Your 18 October 2005 letter further stated that I was required to submit any supporting documentation or brief at the time the request for reconsideration was filed. In response to your request for a brief, I am re-submitting the brief filed with you on 23 May 2005 along with a copy of my letter submitting the brief, the notifications to the Army National Guard and the State Equal Employment Manager.

I respectfully request that the Commission reconsider my appeal. As the above information demonstrates, the appeal was not dismissed on the merits of the case that address long-standing discriminatory policy and practices by the agency, but rather because the Commission erroneously believed that the filing requirements for the appeal were not followed. As shown above, this basis for dismissal is also flawed as all stated requirements for filing the appeal were met. The request for reconsideration therefore should be granted.

I am asserting that the 90 timeline to file in Federal Court will not begin until the Commission makes a determination on my request for reconsideration of my appeal. Please note that I do not wish to waive my right to challenge any decision in federal court so I want to ensure that my right to file is deferred pending the Commission decision on this request.

Thank you for your consideration of my request. The Commission's review of the merits of this case will help ensure that important cases of age discrimination are appropriately considered and are not merely dismissed for erroneous administrative requirements.

Sincerely,

Stephen D. Paulk
Staff Sergeant (SSG), ret.

Enclsoure