IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **STEPHEN D. PAULK,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Civil Action Number: 2:05-CV-1141-CSC |
| | ) |
| **FRANCIS J. HARVEY, Secretary of** | ) |
| **the Army, and the DEPARTMENT of** | ) |
| **the Army** | ) |
| **ARMY.** | ) |
| | ) |
| **Defendants.** | ) |

**DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS, OR IN THE ALTERNATIVE,
FOR SUMMARY JUDGMENT**

Defendants Dr. Francis J. Harvey, Secretary of the Army, and the Department of the Army[1] (together hereinafter the "Army"), by their undersigned counsel, replies to Plaintiff's, SSG Stephen D. Paulk's, Response to Defendants' Motion to Dismiss or in the Alternative for Summary Judgement and moves this Court to dismiss the Plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6)) for failure to state a claim, or, in the alternative, summary judgement pursuant to Fed R. Civ. P. 56.

---

[1] Defendants continue to assert that Dr. Francis J. Harvey, Secretary of the Army, is the only proper defendant in this action as he is the head of the agency pursuant to 42 U.S.C. § 2000e-16(c).

**A.     The Only Proper Defendant in an Age Discrimination Claim is the Secretary of the Army, and Therefore Any Other Named Defendants Should be Dismissed.**

SSG Paulk's Complaint improperly lists the Department of the Army as a named defendant in addition to the Secretary of the Army, Dr. Francis J. Harvey. While SSG Paulk protests the dismissal of the Dept. of the Army from this civil action, he provides absolutely no competent evidence that would support a waiver of sovereign immunity by multiple federal entities with regard to the same disputed action.[2]  Additionally, dismissal of the improper defendant does not prejudice a plaintiff alleging a violation of Title VII or Age Discrimination in Employment Act (ADEA).  As defendant noted in his Motion to Dismiss, the Dept. of the Army is improperly named as a defendant and should be dismissed from this action.

**B.     Claims Under the Older Workers Benefit Protection Act Fail to State a Claim**

SSG Paulk also protests the dismissal as a cause of action any claims under the Older Workers Benefit Protection Act (OWBPA).  He provides no authority whatsoever to support any justiciable claim or waiver of sovereign immunity under the OWBPA.  To the extent that a plaintiff otherwise pursing a proper Title VII or ADEA claim in federal court seeks make whole relief should he or she prevail, this authority is with the equitable

---

[2] Indeed, SSG Paulk obviously misconstrues the decision of *Oscar Mayer & Co. v. Evans*, 441 U.S. 750, 756 (1979) and asserts that this case addressed National Guard technicians rather than employees at a meat processing company.  See Response at page 14.

powers of the court. *See* 42 U.S.C. § 2000e-5(g)[3]  Accordingly, for the reasons set forth in Defendant's Motion to Dismiss, SSG Paulk's claims under the OWBPA must be dismissed as a matter of law.

**C.    SSG Paulk's Age Discrimination Claim Should Be Dismissed for Failure to Timely Exhaust Administrative Remedies.**

SSG Paulk does not dispute the fact that he received notice of the Final Agency Decision (FAD) that was directed to his home address on February 14, 2005, and received by him on February 19, 2005. DEX 8 at p. 1 and Response at p. 17. He also does not dispute the fact that the FAD clearly informed him that an appeal would be considered filed when it was mailed, personally delivered or sent by facsimile to the EEOC. Response at p. 17. Nor does SSG Paulk dispute the fact that his appeal was received by the EEOC with a postmark of May 4, 2005, or 74 days after receiving the notice of a finding of no discrimination in the FAD. Rather, SSG Paulk alleges that he was "tricked" by information that he could mail his appeal in to the EEOC.

SSG Paulk does not establish that the information provided in the FAD was confusing or induced him to submit the appeal in an untimely manner. Indeed the FAD clearly stated that the appeal must be filed within 30 days of receipt. DEX 6. As noted in the Defendant's Motion to Dismiss, the Federal Rules of Civil Procedure provides

---

[3] Compensatory damages, however, for emotional pain and suffering are not available under ADEA for federal employees. *Smith v. OPM*, 778 F.2d 258 (5th Cir. 1985), *cert. denied*, 476 U.S. 1105 (1986); *Goldstein v. Manhattan Indus.*, 758 F.2d 1435 (11th Cir.), *cert. denied*, 474 U.S. 1005 (1985). *Helveston v. Dalton*, 1996 U.S. Dist. LEXIS 5017 (D. Ala. 1996)

recognition of the reliability and the presumptive timely delivery of the U.S. mail. See Fed.R.Civ.P. 6(e), which provides that service by mail is presumed to be received within three days. In this case, the EEOC has even a more liberal standard than the federal courts, recognizing a postmark at the post office of origin as establishing a filing date and, if the postmark is illegible, granting five days for delivery of the mail. *See* 29 C.F.R. § 1614.604(b).

While SSG Paulk apparently disputes the ability of the U.S. Post Office to timely deliver the mail, he has not provided the court with *any* competent evidence that would establish such a claim. Indeed, there are multiple instances in SSG Paulk's own submissions that show that the mail was timely delivered. For example, the FAD was dated February 14, 2005, and received by SSG Paulk on February 19, 2005. DEX 8 and PEX 18. On April 5, 2005, the National Guard Bureau sent SSG Paulk a letter to which he apparently responded on April 7, 2005. PEX 16. The EEOC sent a notice of dismissal of his complaint on August 29, 2005 and SSG Paulk responded on September 5, 2005. PEX 19. SSG Paulk then responded to a letter from the EEOC dated October 18, 2005, with his own letter dated October 24, 2005. PEX 20, PEX 21. The EEOC rejected SSG Paulk's request for reconsideration on October 27, 2005, and SSG Paulk filed his judicial Complaint on December 1, 2005. PEX 22 and Complaint. Accordingly, SSG Paulk's own submissions, perhaps unintentionally, amply demonstrate that mail to and from the Washington, D.C. area are handled in an expeditious manner by the U.S. Post Office.

SSG Paulk's citation to a Washington Post article, relating to anthrax screenings at the Pentagon, and a Department of Energy notice that screenings may delay mail do not establish or impact upon a postmark that is affixed in Alabama[4]. See DEX 9. SSG Paulk has not produced any affidavits or other competent evidence that would demonstrate that the U.S. Post Office he used in Alabama had experienced any significant delays.

Moreover, defendant notes that both the National Guard Bureau and the EEOC received the untimely notice of appeal in early May 2005 at virtually the same time. Specifically, the letter to the EEOC was postmarked on May 4, 2005, and the letter to the National Guard Bureau Office of Equal Opportunity and Civil Rights was postmarked on May 3, 2005. DEX 8, DEX 9. It is abundantly clear that these letters were both mailed at or around the same time and that they were sent long after the appeal period had expired.

As addressed in great detail in Defendant's Motion to Dismiss, SSG Paulk cannot rebut the fact, both as found by the EEOC and as deemed admitted by SSG Paulk himself, that the appeal of the FAD was untimely received by the EEOC. He has also not asserted any legal justification that would warrant the *rare* equitable tolling of his claims. See *Irwin v. Veterans Admin.*, 498 U.S. 89, 96 (1990). The EEOC processing requirements are to be strictly construed and the federal government's waiver of sovereign immunity is conditioned upon such timely processing. *Id.* at 91. Accordingly, SSG Paulk's case

---

[4] Defendant does not concede that a Washington Post article and a Department of Energy posting in the Federal Register are competent evidence or relevant to the case at hand. To assist the court, SSG Paulk's citation to the Federal Register is found on page 56649 in the lower right hand corner under the heading "For Further Information Contact."

should be dismissed just as the EEOC determined was appropriate given the forty-four day delay in properly filing the appeal.

D.    **Status of National Guard Technicians ("Guard-technicians")**

SSG Paulk acknowledges that he was a National Guard Technician and does not dispute the fact that he held the rank of staff sergeant, wore a military uniform, engaged in the customs and courtesies of the military service and that the National Guard had properly constituted regulations that explicitly prohibited grade inversions where a subordinate technician would supervise a more senior ranking military member. SSG Paulk also does not dispute the fact that he was subordinate to Sergeant First Class (SFC) Robert Mustin.

SSG Paulk essentially asserts that defendant is using the grade inversion issue as a subterfuge to mask age discrimination. However, SSG Paulk does not rebut the sworn declaration of Chief Warrant Officer Four (CW4) Donald MacGregor III who stated that grade inversion was an explicit consideration of his when making the selection decision.[5] However, CW4 MacGregor was obviously more concerned about the application of Master Chief (CW5) Samuel Paulk who was senior in military grade to then CW3 MacGregor. DEX 2 at para. 5. This point is critical in two respects: First, this amply demonstrates that military grade was an explicit factor in the selection decision and thus,

---

[5] SSG Paulk does attach declarations from Mr. James Milton and SFC Robert Mustin. In neither declaration does the declarant identify the other grade inversions they were purportedly aware of nor do they identify the ranks or the positions involved. Moreover, no party disputes that grade inversions are prohibited by National Guard Regulation 600-25. Both declarants state that SFC Wiggins did not have adequate supervisory experience but then complain that he had numerous temporary supervisory positions. Defendant objects to the declaration of SFC Mustin with regard to impermissible hearsay and further objects to both declarations as not providing sufficient detail by which the court can determine their first hand knowledge of the facts.

falls under the *Mier v. Owens* analysis of being integrally related to the military's unique structure. 57 F.3d 747, 750 (9th Cir. 1995), *cert. denied*, 517 U.S. 1103 (1996). Secondly, SSG Paulk himself admitted in sworn testimony that CW5 Paulk was obviously more qualified than he himself was for the position. DEX 11 at p. 195, lines 18-21.[6]

CW4 MacGregor also made it abundantly clear that he found that SSG Paulk had a very poor interview and had not demonstrated "leadership potential" or enthusiasm to "motivate, plan and organize" as a supervisor in a military organization. DEX 2 at para. 6. Inherent in the analysis of any personnel decision for uniformed members of the United States military who are officers or noncommissioned offers are expectations of military bearing, leadership and the ability to plan and organize and to inspire others. This is a profession that SSG Paulk knowingly joined and this military nexus places upon him and other military members higher expectations than upon employees in civilian life. That is precisely the analysis that led this Circuit to find that National Guard technicians are members of the military and should be treated as such. *NeSmith v. Fulton*, 615 F.2d 196 (5th Cir. 1980).[7] In *Stinson v. Hornsby* the 11th Circuit reaffirmed and explicitly ruled that "members of the National Guard are generally employees of the state; but where the facts indicate that the person is on full-time military duty and other factors indicate that the person is more military than civilian, no Title VII action may be brought." 821 F.2d 1537, 1541 (11th Cir. 1987), *cert denied* 488 U.S. 959 (1988).

---

[6] Even if this case were to proceed to a trial on the merits, SSG Paulk cannot show that "but for" discrimination he would have been selected.

[7] In *Bonner v. City of Prichard*, 661 F.2d 1206 (1981) (en banc), the Eleventh Circuit adopted as precedent decisions of the Former Fifth Circuit.

While defendant submits that the decision in *NeSmith* and *Stinson* sets a bright-line analysis for this Honorable Court to follow, the decisions by other courts would also support dismissal of SSG Paulk's claims. In *Miers*, the 9th Circuit, while finding that a technician could raise a Title VII claim, ultimately found that decisions that related to promotion to a military rank were outside its authority. In *Brown v. United States*, 227 F.3d 295 (5th Cir. 2000) the court found that while a technician may have a cause of action under Title VII, the 5th Circuit ruled that the plaintiff could not challenge actions taken within the military sphere that impacted on the technicians civilian position. *Id*. In *Luckett v. Bure*, 290 F.3d 493 (2nd Cir. 2002)[8] the 2nd Circuit examined the role of a dual status member of the United States Army Reserve (USAR) wherein an individual must maintain both status as a civilian employee and as a member of the USAR. While not a National Guard technician case, the 2nd Circuit did find agreement with the *Brown* and *Mier* decisions of the 5th and 9th Circuits. In *Luckett* the 2nd Circuit established tests to (1) determine if the challenged conduct in integrally related to the military's unique structure or (2) that the position is not "purely civilian." *Luckett* at 498-99. Nonetheless, the court ruled that they could not "find any claims of discrimination that arise purely from [Luckett's] civilian employment. Luckett's discrimination claims relate primarily to his transfer and to actions taken by his military superiors. As such, these claims are not justiciable because they are integrally related to the military's unique structure." *Id* . at 499.

---

[8]SSG Paulk's citation to this case in the record was incorrect in which he named the case as *Luckett v. Derie* and had an incorrect cite. Defendant believes that this is the same case SSG Paulk was attempting to cite in his brief.

In a very detailed decision that examined the status of National Guard Technicians, the 6th Circuit reaffirmed its position that technicians are "irreducibly military in nature" and that even assuming arguendo that plaintiff had a justiciable claim that a promotion into a civilian position had explicit military components that would preclude her claims in any event. *Fisher v. Peters*, 249 F.3d 433, 443-44 (6th Cir. 2001). In another very detailed decision the 2nd Circuit ruled against a National Guard technician who the court found had not met the burden of demonstrating a clear distinction between military and civilian aspects of the position. *Overton v. New York State Division of Military and Naval Affairs, et al.*, 373 F.3d 83 (2nd Cir. 2004). In *Overton*, the 2nd Circuit found that the plaintiff's claims would, applying their test announced in *Luckett*, would intrude upon military relationships and thus impact upon the military's unique structure and that such issues were not "purely civilian." *Id*. at 96.

Applying the test announced in *Luckett* to the case at hand it is clear that SSG Paulk's complaint would absolutely intrude upon unique military relations. Indeed, it would be difficult to find a more specific issue of unique military relations than that of the uniformed rank system by which the higher ranking individual supervises the lower ranking soldier. This rank system ensures, at all times, that someone is in command – and it may not be the oldest, the best looking or the most experienced person, but it is a tried and true precept of military discipline and control that has no parallel in civilian life. While SSG Paulk might wish away the grade inversion issues he cites to no authority and defendant submits that there is none that would require a military activity to reassign other uniformed personnel to make room for a junior ranking member. Secondly, this position was not purely civilian in nature. As noted in CW4 MacGregor's declaration, the

individual selected for the position has proven to be a capable leader and has deployed overseas to Iraq in support of coalition activities. DEX 2 at para. 7. No matter how much SSG Paulk wishes he had received this position, the Alabama National Guard had every right to pick the best candidate who could perform the full range of duties, as a civilian and as a mobilized National Guardsman.

**E.     Conclusion.**

For the foregoing reasons, this case should be dismissed with prejudice for failure to state a claim or for lack of subject matter jurisdiction.

Respectfully submitted this 10th day of May, 2006.

>LEURA G. CANARY
>UNITED STATES ATTORNEY
>
>s/R. Randolph Neeley
>R. Randolph Neeley
>Assistant United States Attorney
>Bar Number 9083-E56R
>Attorney for Defendnat
>Post Office Box 197
>Montgomery, Alabama 36101
>Telephone Noo. (334) 223-7280
>Facsimile No.: (334) 223-7481
>E-mail: rand.neeley@usdoj.gov

OF COUNSEL:

Lt. Col. Michael E. Hokenson
U.S. Army Litigation Division
901 North Stuart Street, Suite 401
Arlington, VA 22203-1837
Telephone No. (703) 696-1606
Facsimile No. (703) 696-2532
E-mail: Michael.Hokenson@hqda.army.mil

## CERTIFICATE OF SERVICE

I hereby certify that on May 10, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and placed a copy of same in the United States mail, first class postage affixed, addressed to:

> Stephen D. Paulk, *Pro Se*
> 1786 Hillabee Rd.
> Ramer, AL 36069

>                  s/R. Randolph Neeley
>                  Assistant United States Attorney