**IN THE MIDDLE DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

RECEIVED

2006 MAY 19  P 3:37

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA.

Stephen D. Paulk                   §
                                   §
        Plaintiff,                 §
                                   § Civil Action No. 2:05-CV-1141-WKW-CSC
        v.                         §
                                   §
                                   §
Francis J. Harvey, Secretary       §
of the Army& the Department        §
 of the Army                       §
                                   §
        Defendants.                §


**PLAINTIFF'S REPONSE TO THE DEFENDANTS' RESPONSE TO FIRST REQUEST FOR
PRODUCTION OF DOCUMENTS AND SECOND MOTION TO COMPELL PRODUCTION OF
DOCUMENTS**

   The Plaintiff, in response to the defendant's response to

Plaintiff's First Request for Production of Documents and in response

to the Defendants' objections states the following and moves the

court to compel the Defendants' to produce documents and things

requested in the Plaintiff's first request within seven working days:


   1.  Per the Court's 14 April 2006 Order, the Plaintiff contacted

the Defendants' counsel to arrange the face-to-face meeting on 24

April 2006.  During the court ordered meeting, the Defendants made no

attempt to comply with the requested document production, and argued

that the Plaintiff should agree to stay the request pending a

decision from this court on the Defendant's motion to dismiss or, in

the alternative for summary judgment. The Defendants' counsel
offered to provide the administrative record for the Plaintiff's
inspection, but when the Plaintiff failed to agree with his
suggestion to stay production, the Defendants' counsel withdrew this
offer to provide the administrative record and the meeting ended
without resolution.

3. By his response to the Plaintiff's request for extension of
time, the Defendants' counsel reconsidered his offer to make the
administrative record available for inspection during the week of May
8-12, 2006. However, the Defendants' made no attempt to identify
which, if any of the requested documents contained in the notice to
produce were contained in the administrative record or to certify
that the administrative record was fully responsive to the request
for production.

4. On May 9, 2006 the Plaintiff went to the Alabama National
Guard Headquarters to inspect and copy the relevant portions of the
administrative record made available by the Defendants' counsel.
After review, the Plaintiff determined that the voluntary production
of the administrative record contained only the military and civilian
personnel files (item #34 in first request for production), and did
not contain the other materials requested in the Plaintiff's
Production Request and is therefore deemed non-responsive.

5. Moreover, the objections to the Plaintiff's Production
Request proffered by the Defendants' in their May 10, 2006 response
to the Defendant's First Request for Production of Documents are

without basis and are not valid. Therefore the Plaintiff moves this Honorable Court to overrule the objections and compel the Defendants to produce the documents requested in the Plaintiff's first request for documents. Further, because the documents requested are, or should be maintained by the Defendants' in accordance with administrative policy, the defendants' argument that production is overly burdensome is without merit and should be overruled by this court. Finally, the Plaintiff's request for production of documents is directly relevant to his forthcoming amended response to the defendant's motion for summary judgment and will not require burdensome searches. Accordingly, the Plaintiff moves the court to compel the defendants to respond within seven working days of the Court's order granting plaintiff's motion under Fed. R. Civ. P. 56(f).

**Plaintiff's Response to Defendants' Answers to the Plaintiff's First Request for Production**

1. Position Description 40080000, Aircraft Systems Supervisor, WS 8801 10, and any and all materials and/or documents related to the position classification review and approval of said position, including but not limited to any advisory classifications, classification reviews, and notes and or reference materials and correspondence including e-mails, inter/intra office memos, letters, phone logs and/or notes used by and/or written or made by the classifier, HR/Personnel representatives and employees, classification approval official(s), the position Supervisor(s) and/or any one who reviewed and/or approved said position classification, including but not limited to any and all materials related to agency and supervisor certifications as to the accuracy of the position description.

   Defendants' Answer: Defendant will make all responsive documents available for the Plaintiff's inspection during normal business hours. To the

extend that these records are not contained within the administrative equal employment opportunity (EEO) complaints filed by plaintiff and/or Chief Warrant Officer Sammy Paulk, the defendant objects to the request as being unduly burdensome; and the request is not reasonably calculated to lead to the discovery of admissible evidence.

Plaintiff's Response to Defendants' Answer: These records are not contained in the administrative records proffered by the Defendants in response to the Plaintiff's request for production. The equal employment opportunity (EEO) complaints filed by the Plaintiff and/or Chief Warrant Officer Sammy Paulk do not contain Position Description 40080000, Aircraft System Supervisor, WS 8801 10, nor did the administrate records inspected by the Plaintiff contain any materials and/or documents related to the position classification review and approval of said position, including but not limited to any advisory classifications, classification reviews, and notes and or reference materials and correspondence including e-mails, inter/intra office memos, letters, phone logs and/or notes used by and/or written or made by the classifier, HR/Personnel representatives and employees, classification approval official(s), the position Supervisor(s) and/or any one who reviewed and/or approved said position classification, including but not limited to any and all materials related to agency and supervisor certifications as to the accuracy of the position description. Moreover, the Defendants offered no justification for the failure to produce these documents. The Defendants' general unspecified blanket objection on the grounds of overly burdensome is grossly insufficient and improper as the scope of relevancy in discovery is broader than the scope of discover at hearing as the Plaintiff cannot necessarily determine in advance what information is in Moreover, the Defendant's objection that the request is overly burdensome is without merit also as the agency is required by administrative policy to retain these records as a course of business. Accordingly, the Defendants should be compelled to produce the requested documents.

2. Any and all drafts and issuances of Alabama Army National Guard Military Technician Vacancy Announcement Numbered 01-180 as well as any and all documents and/or materials used in, or related to the review and approval of said vacancy announcement, including, but not limited to materials or documents regarding, referencing and/or discussing the identification and approval of specialized and general experience requirements; the identification and approval of knowledge, skills, and abilities requirements, the identification and approval of

the position description 4008000 requirements, the identification and approval of MOSs that the individual must be assigned prior to being placed in the position, the identification and approval of the area of consideration, the identification and approval of the military grade requirements, and any and all materials or documents regarding, referencing and/or discussing position compatibility requirements and/or military grade inversion.

Defendants' Answer: Defendant will make all responsive documents available for the Plaintiff's inspection during normal business hours. To the extend that these records are not contained within the administrative equal employment opportunity (EEO) complaints filed by plaintiff and/or Chief Warrant Officer Sammy Paulk, the defendant objects to the request as being unduly burdensome; and the request is not reasonably calculated to lead to the discovery of admissible evidence.

Plaintiff's Response to Defendants' Answer: These records are not contained in the administrative records proffered by the Defendants in response to the Plaintiff's request for production. The equal employment opportunity (EEO) complaints filed by the Plaintiff and/or Chief Warrant Officer Sammy Paulk do not contain all drafts and issuances of Alabama Army National Guard Military Technician Vacancy Announcement Numbered 01-180 nor did the administrate records inspected by the Plaintiff contain any materials and/or documents related to the review and approval of said vacancy announcement, as well as any and all documents and/or materials used in, or related to the review and approval of said vacancy announcement, including, but not limited to materials or documents regarding, referencing and/or discussing the identification and approval of specialized and general experience requirements; the identification and approval of knowledge, skills, and abilities requirements, the identification and approval of the position description 4008000 requirements, the identification and approval of MOSs that the individual must be assigned prior to being placed in the position, the identification and approval of the area of consideration, the identification and approval of the military grade requirements, and any and all materials or documents regarding, referencing and/or discussing position compatibility requirements and/or military grade inversion. Moreover, the Defendants offered no justification for the failure to produce these documents. The Defendants' general unspecified blanket objection on the grounds of overly burdensome is grossly insufficient and improper as the scope of relevancy in discovery is broader than the scope of discover at hearing as the Plaintiff cannot necessarily determine in advance what information is in Moreover, the Defendant's objection that the request is overly burdensome is without merit also as the agency is required by

administrative policy to retain these records as a course of business.
Accordingly, the Defendants should be compelled to produce the requested
documents.

3. Any and all documents and/or materials associated with, used, and/or developed,
and/or produced in support of Merit Promotion Certificate Number 01-180,
including but not limited to any and or all Crediting, Rating, and/or Ranking
Plans and/or any materials or documents developed, used, or produced to
establish the factors and weights to be used in evaluating applications for
Alabama Army National Guard Military Technician Vacancy Announcement
Number 01-180.

Defendants' Answer: Defendant will make all responsive documents
available for the Plaintiff's inspection during normal business hours. To the
extend that these records are not contained within the administrative equal
employment opportunity (EEO) complaints filed by plaintiff and/or Chief
Warrant Officer Sammy Paulk, the defendant objects to the request as being
unduly burdensome; and the request is not reasonably calculated to lead to
the discovery of admissible evidence.

Plaintiff's Response to Defendants' Answer: These records are not
contained in the administrative records proffered by the Defendants in
response to the Plaintiff's request for production. The equal employment
opportunity (EEO) complaints filed by the Plaintiff and/or Chief Warrant
Officer Sammy Paulk do not contain Any and all documents and/or
materials associated with, used, and/or developed, and/or produced in
support of Merit Promotion Certificate Number 01-180, including but not
limited to any and or all Crediting, Rating, and/or Ranking Plans and/or any
materials or documents developed, used, or produced to establish the factors
and weights to be used in evaluating applications for Alabama Army
National Guard Military Technician Vacancy Announcement Number 01-
180.Moreover, the Defendants offered no justification for the failure to
produce these documents. The Defendants' general unspecified blanket
objection on the grounds of overly burdensome is grossly insufficient and
improper as the scope of relevancy in discovery is broader than the scope of
discover at hearing as the Plaintiff cannot necessarily determine in advance
what information is in Moreover, the Defendant's objection that the request
is overly burdensome is without merit also as the agency is required by
administrative policy to retain these records as a course of business.

Accordingly, the Defendants should be compelled to produce the requested documents.

4. Any and all documents and or materials sent to CW3 MacGregor by the Human Resources Office, including but not limited to the list of seven applicants and their applications and or OF 612s, the position description, guidance on EEO policies, and any guidance for reviewing applicants and making a candidate selection for the Military Technician Vacancy Announcement Number 01-180.

> Defendants' Answer:  Defendant will make all responsive documents available for the Plaintiff's inspection during normal business hours.  To the extend that these records are not contained within the administrative equal employment opportunity (EEO) complaints filed by plaintiff and/or Chief Warrant Officer Sammy Paulk, the defendant objects to the request as being unduly burdensome; and the request is not reasonably calculated to lead to the discovery of admissible evidence.  Defendant explicitly reserves the right to supplement the record as CW4 MacGregor has been mobilized and is not currently in the area to assist defendant in further identification of such records, although defendant believes that any such responsive documents are already part of the administrative record.

> Plaintiff's Response to Defendants' Answer:  These records are not contained in the administrative records proffered by the Defendants in response to the Plaintiff's request for production.  The equal employment opportunity (EEO) complaints filed by the Plaintiff and/or Chief Warrant Officer Sammy Paulk do not contain any and all documents and or materials sent to CW3 MacGregor by the Human Resources Office, including but not limited to the list of seven applicants and their applications and or OF 612s, the position description, guidance on EEO policies, and any guidance for reviewing applicants and making a candidate selection for the Military Technician Vacancy Announcement Number 01-180. Moreover, the Defendants justification for failure to produce these documents is unacceptable as these materials should be part of the administrative record and therefore should be available even though CW4 MacGregor is not available.  The Defendants' general unspecified blanket objection on the grounds of overly burdensome is grossly insufficient and improper as the scope of relevancy in discovery is broader than the scope of discover at hearing as the Plaintiff cannot necessarily determine in advance what information is in Moreover, the Defendant's objection that the request is overly burdensome is without merit also as the agency is required by administrative policy to retain these records as a course of business.

Accordingly, the Defendants should be compelled to produce the requested documents.

5.  Any and all documents and/or materials developed, used or produced to evaluate and/or determine eligible candidates/applicants for said vacancy announcement (Alabama Army National Guard Military Technician Vacancy Announcement Numbered 01-180), including but not limited to any ranking or scoring sheets, assessment tools, notes, annotations, and/or any materials used and/or produced to designate and or identify eligible or ineligible applicants/candidates as well as any correspondence, documents, or materials developed during this applicant review and ranking process, including but not limited to e-mails, inter/intra office memos, letters, phone logs and/or notes, and/or memos for the record regarding this matter.

Defendants' Answer:  Defendant will make all responsive documents available for the Plaintiff's inspection during normal business hours.  To the extend that these records are not contained within the administrative equal employment opportunity (EEO) complaints filed by plaintiff and/or Chief Warrant Officer Sammy Paulk, the defendant objects to the request as being unduly burdensome; and the request is not reasonably calculated to lead to the discovery of admissible evidence.

Plaintiff's Response to Defendants' Answer:  These records are not contained in the administrative records proffered by the Defendants in response to the Plaintiff's request for production.  The equal employment opportunity (EEO) complaints filed by the Plaintiff and/or Chief Warrant Officer Sammy Paulk do not contain Any and all documents and/or materials developed, used or produced to evaluate and/or determine eligible candidates/applicants for said vacancy announcement (Alabama Army National Guard Military Technician Vacancy Announcement Numbered 01-180), including but not limited to any ranking or scoring sheets, assessment tools, notes, annotations, and/or any materials used and/or produced to designate and or identify eligible or ineligible applicants/candidates as well as any correspondence, documents, or materials developed during this applicant review and ranking process, including but not limited to e-mails, inter/intra office memos, letters, phone logs and/or notes, and/or memos for the record regarding this matter.  The Defendants' general unspecified blanket objection on the grounds of overly burdensome is grossly insufficient and improper as the scope of relevancy in discovery is broader than the scope of discover at hearing as the Plaintiff cannot necessarily determine in advance what information is in Moreover, the Defendant's objection that the request is overly burdensome is without merit also as the

agency is required by administrative policy to retain these records as a course of business. Accordingly, the Defendants should be compelled to produce the requested documents.

6. Any and all documents and/or materials associated with, used, developed, and/or produced for the eligible' comparative evaluation ratings, including but not limited to the qualifications and comparative evaluation rating for each and every eligible candidate listed on the Merit Promotion Certificate Number 01-180 Referral and Selection Certificate.

> Defendants' Answer: Defendant will make all responsive documents available for the Plaintiff's inspection during normal business hours. To the extend that these records are not contained within the administrative equal employment opportunity (EEO) complaints filed by plaintiff and/or Chief Warrant Officer Sammy Paulk, the defendant objects to the request as being unduly burdensome; and the request is not reasonably calculated to lead to the discovery of admissible evidence.

> Plaintiff's Response to Defendants' Answer: These records are not contained in the administrative records proffered by the Defendants in response to the Plaintiff's request for production. The equal employment opportunity (EEO) complaints filed by the Plaintiff and/or Chief Warrant Officer Sammy Paulk do not contain any and all documents and/or materials associated with, used, developed, and/or produced for the eligible' comparative evaluation ratings, including but not limited to the qualifications and comparative evaluation rating for each and every eligible candidate listed on the Merit Promotion Certificate Number 01-180 Referral and Selection Certificate. The Defendants' general unspecified blanket objection on the grounds of overly burdensome is grossly insufficient and improper as the scope of relevancy in discovery is broader than the scope of discover at hearing as the Plaintiff cannot necessarily determine in advance what information is in Moreover, the Defendant's objection that the request is overly burdensome is without merit also as the agency is required by administrative policy to retain these records as a course of business. Accordingly, the Defendants should be compelled to produce the requested documents.

7. Any and all correspondence, documents and/or materials originated by and/or received by Lt Col Donnie R. Davis, Deputy HRO regarding, referencing, discussing, or related to Alabama Army National Guard Military Technician Vacancy Announcement Number 01-180 and/or Merit Promotion Certificate Number 01-180, including but not limited to e-mails, inter/intra office memos,

memos for the record, letters, inter/intra office routing slips and/or any and all documents, materials, or correspondence, including e-mails, letters, inter/intra office memos, phone notes, phone records, and phone logs regarding, referencing, discussing, or related to said Vacancy Announcement and/or Merit Promotion Certificate.

> **Defendants' Answer:** Defendant will make all responsive documents available for the Plaintiff's inspection during normal business hours. To the extend that these records are not contained within the administrative equal employment opportunity (EEO) complaints filed by plaintiff and/or Chief Warrant Officer Sammy Paulk, the defendant objects to the request as being unduly burdensome; and the request is not reasonably calculated to lead to the discovery of admissible evidence

> **Plaintiff's Response to Defendants' Answer:** These records are not contained in the administrative records proffered by the Defendants in response to the Plaintiff's request for production. The equal employment opportunity (EEO) complaints filed by the Plaintiff and/or Chief Warrant Officer Sammy Paulk do not contain Any and all correspondence, documents and/or materials originated by and/or received by Lt Col Donnie R. Davis, Deputy HRO regarding, referencing, discussing, or related to Alabama Army National Guard Military Technician Vacancy Announcement Number 01-180 and/or Merit Promotion Certificate Number 01-180, including but not limited to e-mails, inter/intra office memos, memos for the record, letters, inter/intra office routing slips and/or any and all documents, materials, or correspondence, including e-mails, letters, inter/intra office memos, phone notes, phone records, and phone logs regarding, referencing, discussing, or related to said Vacancy Announcement and/or Merit Promotion Certificate. The Defendants' general unspecified blanket objection on the grounds of overly burdensome is grossly insufficient and improper as the scope of relevancy in discovery is broader than the scope of discover at hearing as the Plaintiff cannot necessarily determine in advance what information is in Moreover, the Defendant's objection that the request is overly burdensome is without merit also as the agency is required by administrative policy to retain these records as a course of business. Accordingly, the Defendants should be compelled to produce the requested documents.

8. Any and all documents, materials, correspondence, including but not limited to e-mails, inter/intra office memos, memos for the record, letters, inter/intra office

routing slips and/or any and all documents, materials, or correspondence, including e-mails, letters, inter/intra office memos, phone notes, phone records, phone logs, rules, regulations, instructions regarding, referencing, discussing, or related to and/or used to determine or promulgate the NGB position compatibility criteria for PD Number 4008000.

> **Defendants' Answer:** Defendant will make all responsive documents available for the Plaintiff's inspection during normal business hours. To the extend that these records are not contained within the administrative equal employment opportunity (EEO) complaints filed by plaintiff and/or Chief Warrant Officer Sammy Paulk, the defendant objects to the request as being unduly burdensome; and the request is not reasonably calculated to lead to the discovery of admissible evidence

> **Plaintiff's Response to Defendants' Answer:** These records are not contained in the administrative records proffered by the Defendants in response to the Plaintiff's request for production. The equal employment opportunity (EEO) complaints filed by the Plaintiff and/or Chief Warrant Officer Sammy Paulk do not contain any and all documents, materials, correspondence, including but not limited to e-mails, inter/intra office memos, memos for the record, letters, inter/intra office routing slips and/or any and all documents, materials, or correspondence, including e-mails, letters, inter/intra office memos, phone notes, phone records, phone logs, rules, regulations, instructions regarding, referencing, discussing, or related to and/or used to determine or promulgate the NGB position compatibility criteria for PD Number 4008000. The Defendants' general unspecified blanket objection on the grounds of overly burdensome is grossly insufficient and improper as the scope of relevancy in discovery is broader than the scope of discover at hearing as the Plaintiff cannot necessarily determine in advance what information is in Moreover, the Defendant's objection that the request is overly burdensome is without merit also as the agency is required by administrative policy to retain these records as a course of business. Accordingly, the Defendants should be compelled to produce the requested documents.

9. List of the names, military rank, civilian grade, and both the civilian position and military billet of any and all individuals promoted to any military technician position(s) with AASF#1. AASF#2, and/or AASF #3 during calendar years 1996, 1997, 1998, 1999, 2000, 2001, and 2002. Identify those individuals who were reassigned and/or transferred to/from positions with AASF #1, AASF #2, and/or AASF#3 prior to or after selection for a military technician position which,

without the reassignment or transfer would have resulted in a military grade inversion or a determination that the individual (s) held or would hold a position that did not meet the NGB position compatibility criteria in effect at the time.

Defendant's Answer: Defendant objects to the request as being unduly burdensome and that the request is not reasonably calculated to lead to discovery of admissible evidence. To the extent that plaintiff seeks information related to wage grade employees promoted at AASF#3 during the time frame immediately proceeding and following the selection that is in dispute, defendant is unaware of any such responsive documents. Defendant also objects as this is not a proper request for production of document but instead would require defendant to create documents.

Plaintiff's Response to Defendants' Answer: The Defendants' general unspecified blanket objection on the grounds of overly burdensome is grossly insufficient and improper as the scope of relevancy in discovery is broader than the scope of discover at hearing as the Plaintiff cannot necessarily determine in advance what information is in the documents. Moreover, the Defendant's objection that the request is overly burdensome is without merit also as the agency is required by administrative policy to retain these promotion records as a course of business. Accordingly, the Defendants should be compelled to produce the requested documents.

10. List of any and all AASF #1, AASF#2, and/or AASF#3 personnel reassignments and/or reorganization of offices made during calendar years 1996, 1997, 1998, 1999, 2000, 2001, and 2002 to prevent a grade inversion situation and/or to permit the promotion of a military technician who otherwise would not have met the NGB position compatibility criteria in effect at the time.

Defendant's Answer: Defendant objects to the request as being unduly burdensome and that the request is not reasonably calculated to lead to discovery of admissible evidence. To the extent that plaintiff seeks information related to wage grade employees promoted at AASF#3 during the time frame immediately proceeding and following the selection that is in dispute, defendant is unaware of any such responsive documents. Defendant also objects as this is not a proper request for production of document but instead would require defendant to create documents.

Plaintiff's Response to Defendants' Answer: The Defendants' general unspecified blanket objection on the grounds of overly burdensome is

grossly insufficient and improper as the scope of relevancy in discovery is broader than the scope of discover at hearing as the Plaintiff cannot necessarily determine in advance what information is in the documents. Moreover, the Defendant's objection that the request is overly burdensome is without merit also as the agency is required by administrative policy to retain these records of personnel reassignments and/or reorganizations as a course of business. Accordingly, the Defendants should be compelled to produce the requested documents.

11. Identify and list the names, military rank, civilian grade, and both the civilian position and military billet of any and all individuals non-selected or disqualified for promotion to any military technician position(s) with the AASF #1, AASF#2, and/or AASF #3 during calendar years 1996, 1997, 1998, 1999, 2000, 2001, and 2002 due to the individual (s) not meeting the NGB position compatibility criteria in effect at the time and/or due to, or because of military grade inversion or the potential for military grade inversion if the individual(s) were selected.

Defendant's Answer: Defendant objects to the request as being unduly burdensome and that the request is not reasonably calculated to lead to discovery of admissible evidence. To the extent that plaintiff seeks information related to wage grade employees promoted at AASF#3 during the time frame immediately proceeding and following the selection that is in dispute, defendant is unaware of any such responsive documents. Defendant also objects as this is not a proper request for production of document but instead would require defendant to create documents.

Plaintiff's Response to Defendants' Answer: The Defendants' general unspecified blanket objection on the grounds of overly burdensome is grossly insufficient and improper as the scope of relevancy in discovery is broader than the scope of discover at hearing as the Plaintiff cannot necessarily determine in advance what information is in the documents. Moreover, the Defendant's objection that the request is overly burdensome is without merit also as the agency is required by administrative policy to notify the HRO office in writing of any exceptions to policy or any request for waivers and the HRO office is required to notify individuals if they can not be place in a position for which they have been selected due to NGB incompatibility reasons. Accordingly, the Defendants should be compelled to produce the requested documents.

12. Any and all Merit Promotion and Referral and Selection Certificates for any and all AASF#1, AASF #2, and/or AASF#3 military technician positions filled during calendar years 1996, 1997, 1998, 1999, 2000, 2001, 2002 including, but not limited to information contained therein regarding the individual selected, information regarding the selectee's unit, military grade and whether or not the selectee was assigned to the compatible position as required by the NGB compatibility criteria in effect at the time, as well as any and all correspondence, materials, and/or documentation related to future military assignments (grade, unit or MOS) of the technician(s) selected, including, but not limited to any correspondence, memos, letters, phone logs and/or notes coordinating such military assignments with AL-HRO.

> Defendant's Answer: Defendant objects to the request as being unduly burdensome and that the request is not reasonably calculated to lead to discovery of admissible evidence. To the extent that plaintiff seeks information related to wage grade employees promoted at AASF#3 during the time frame immediately proceeding and following the selection that is in dispute, defendant is unaware of any such responsive documents. Defendant also objects as this is not a proper request for production of document but instead would require defendant to create documents.

> Plaintiff's Response to Defendants' Answer: The Defendants' general unspecified blanket objection on the grounds of overly burdensome is grossly insufficient and improper as the scope of relevancy in discovery is broader than the scope of discover at hearing as the Plaintiff cannot necessarily determine in advance what information is in the documents. Moreover, the Defendant's objection that the request is overly burdensome is without merit also as the agency is required by administrative policy to retain records associated with merit promotion and referral and selection certificates. Accordingly, the Defendants should be compelled to produce the requested documents.

13. Regarding the interviews for the position of Aircraft Systems Supervisor, (Vacancy Announcement Number 01-180) conducted by CW3 Donald MacGregor, III, produce any and all documents produced and or used by the interviewer, including, but not limited interview questions and each and every candidates' responses to each interview question, any and all notes taken prior to, during and after the candidate interviews, and any rating, ranking, or candidate scoring sheets used by or produced by CW3 MacGregor to include, but not limited to the ranking and/ or rating of each and every candidate interviewed by CW3 MacGregor.

Defendant's Answer: Defendant objects to the request as being unduly burdensome and that the request is not reasonably calculated to lead to discovery of admissible evidence. To the extent that plaintiff seeks information related to wage grade employees promoted at AASF#3 during the time frame immediately proceeding and following the selection that is in dispute, defendant is unaware of any such responsive documents. Defendant also objects as this is not a proper request for production of document but instead would require defendant to create documents.

Plaintiff's Response to Defendants' Answer: The Defendants' general unspecified blanket objection on the grounds of overly burdensome is grossly insufficient and improper as the scope of relevancy in discovery is broader than the scope of discover at hearing as the Plaintiff cannot necessarily determine in advance what information is in the documents. Moreover, the Defendant's objection that the request is overly burdensome is without merit also as the agency is required by administrative policy to retain records relating to promotion selections. Accordingly, the Defendants should be compelled to produce the requested documents.

14. Regarding the interviews for the position of Aircraft Systems Supervisor, Vacancy Announcement Number 01-180 conducted by CW3 Donald MacGregor, III, produce any and all documents, materials, and/or information transmitted by CW3 Donald MacGregor, III to HRO, and/or LTC Charles Bonasera, and/or Lt Col Donnie R. Davis and/or Cecil Wayne Wiggins.

Defendants' Answer: Defendant will make all responsive documents available for the Plaintiff's inspection during normal business hours. To the extend that these records are not contained within the administrative equal employment opportunity (EEO) complaints filed by plaintiff and/or Chief Warrant Officer Sammy Paulk, the defendant objects to the request as being unduly burdensome; and the request is not reasonably calculated to lead to the discovery of admissible evidence

Plaintiff's Response to Defendants' Answer: These records are not contained in the administrative records proffered by the Defendants in response to the Plaintiff's request for production. The equal employment opportunity (EEO) complaints filed by the Plaintiff and/or Chief Warrant Officer Sammy Paulk do not contain any information regarding the interviews for the position of Aircraft Systems Supervisor, Vacancy

Announcement Number 01-180 conducted by CW3 Donald MacGregor, III, produce any and all documents, materials, and/or information transmitted by CW3 Donald MacGregor, III to HRO, and/or LTC Charles Bonasera, and/or Lt Col Donnie R. Davis and/or Cecil Wayne Wiggins. The Defendants' general unspecified blanket objection on the grounds of overly burdensome is grossly insufficient and improper as the scope of relevancy in discovery is broader than the scope of discover at hearing as the Plaintiff cannot necessarily determine in advance what information is in Moreover, the Defendant's objection that the request is overly burdensome is without merit also as the agency is required by administrative policy to retain these records as a course of business. Accordingly, the Defendants should be compelled to produce the requested documents.

15. Any and all correspondence, documents and/or materials  originated by and/or received by CW3 Donald MacGregor, III,  regarding, referencing, discussing, mentioning or related to Alabama Army National Guard Military Technician Vacancy Announcement Number 01-180 and/or Merit Promotion Certificate Number 01-180, including but not limited to e-mails, inter/intra office memos, memorandums for the record, letters, inter/intra office routing slips or memos, phone notes and phone logs regarding, referencing or discussing and or mentioning said Vacancy Announcement, and/or Merit Promotion Certificate Number 01-180, and/or the intended and/or actual interview questions, and any and all materials, documents and/or correspondence and/or discussions with LTC Bonasera regarding, referencing, discussing, mentioning or related to who would be eligible for the position of Aircraft Systems Supervisor, (Vacancy Announcement Number 01-180) based on military rank.

Defendants' Answer:  Defendant will make all responsive documents available for the Plaintiff's inspection during normal business hours. To the extend that these records are not contained within the administrative equal employment opportunity (EEO) complaints filed by plaintiff and/or Chief Warrant Officer Sammy Paulk, the defendant objects to the request as being unduly burdensome; and the request is not reasonably calculated to lead to the discovery of admissible evidence

Plaintiff's Response to Defendants' Answer:  These records are not contained in the administrative records proffered by the Defendants in response to the Plaintiff's request for production. The equal employment opportunity (EEO) complaints filed by the Plaintiff and/or Chief Warrant Officer Sammy Paulk do not Any and all correspondence, documents and/or materials  originated by and/or received by CW3 Donald MacGregor, III,

regarding, referencing, discussing, mentioning or related to Alabama Army National Guard Military Technician Vacancy Announcement Number 01-180 and/or Merit Promotion Certificate Number 01-180, including but not limited to e-mails, inter/intra office memos, memorandums for the record, letters, inter/intra office routing slips or memos, phone notes and phone logs regarding, referencing or discussing and or mentioning said Vacancy Announcement, and/or Merit Promotion Certificate Number 01-180, and/or the intended and/or actual interview questions, and any and all materials, documents and/or correspondence and/or discussions with LTC Bonasera regarding, referencing, discussing, mentioning or related to who would be eligible for the position of Aircraft Systems Supervisor, (Vacancy Announcement Number 01-180) based on military rank.  The Defendants' general unspecified blanket objection on the grounds of overly burdensome is grossly insufficient and improper as the scope of relevancy in discovery is broader than the scope of discover at hearing as the Plaintiff cannot necessarily determine in advance what information is in the documents. Moreover, the Defendant's objection that the request is overly burdensome is without merit also as the agency is required by administrative policy to retain these records as a course of business.  Accordingly, the Defendants should be compelled to produce the requested documents.

16. Any and all correspondence, documents and/or materials originated by and/or received by LTC Charles Bonasera, referencing, discussing, mentioning or related to Alabama Army National Guard Military Technician Vacancy Announcement Number 01-180 and/or Merit Promotion Certificate Number 01-180, including but not limited to e-mails, inter/intra office memos, memorandums for the record, letters, inter/intra office routing slips or memos, phone notes, phone records and/or phone logs regarding, referencing or discussing and or mentioning said Vacancy Announcement, and/or Merit Promotion Certificate Number 01-180, and/or the intended and/or actual interview questions, and/or discussions with CW3 MacGregor or other personnel regarding who would be eligible for the position of Aircraft Systems Supervisor, (Vacancy Announcement Number 01-180) based on military rank.

Defendants' Answer:  Defendant will make all responsive documents available for the Plaintiff's inspection during normal business hours.  To the extend that these records are not contained within the administrative equal employment opportunity (EEO) complaints filed by plaintiff and/or Chief Warrant Officer Sammy Paulk, the defendant objects to the request as being unduly burdensome; and the request is not reasonably calculated to lead to the discovery of admissible evidence

Plaintiff's Response to Defendants' Answer: These records are not contained in the administrative records proffered by the Defendants in response to the Plaintiff's request for production. The equal employment opportunity (EEO) complaints filed by the Plaintiff and/or Chief Warrant Officer Sammy Paulk do not contain any and all correspondence, documents and/or materials originated by and/or received by LTC Charles Bonasera, referencing, discussing, mentioning or related to Alabama Army National Guard Military Technician Vacancy Announcement Number 01-180 and/or Merit Promotion Certificate Number 01-180, including but not limited to e-mails, inter/intra office memos, memorandums for the record, letters, inter/intra office routing slips or memos, phone notes, phone records and/or phone logs regarding, referencing or discussing and or mentioning said Vacancy Announcement, and/or Merit Promotion Certificate Number 01-180, and/or the intended and/or actual interview questions, and/or discussions with CW3 MacGregor or other personnel regarding who would be eligible for the position of Aircraft Systems Supervisor, (Vacancy Announcement Number 01-180) based on military rank. The Defendants' general unspecified blanket objection on the grounds of overly burdensome is grossly insufficient and improper as the scope of relevancy in discovery is broader than the scope of discover at hearing as the Plaintiff cannot necessarily determine in advance what information is in the documents. Moreover, the Defendant's objection that the request is overly burdensome is without merit also as the agency is required by administrative policy to retain these records as a course of business. Accordingly, the Defendants should be compelled to produce the requested documents.

17. Any and all correspondence, e-mails, documents, inter and intra office memorandums and routing slips or memorandums, memos for the record, phone logs, records and or notes and/or all other materials originated by and/or received by LTC Charles Bonasera, referencing, discussing, mentioning or related to personnel transfers and/or reassignments, and/or the actual or potential for reorganization of AASF#1, AASF#2, and or AASF#3 including but not limited to e-mails to and/ or from Sammy Paulk, and/or CW3 MacGregor, and/or LTC Joseph A. Price, and/or Bill Kennedy, and/or Col Petty, and/or Lt Col Donnie R. Davis, and/or Pamela Phillips.

Defendant's Answer: Defendant objects to the request as being unduly burdensome and that the request is not reasonably calculated to lead to

discovery of admissible evidence. To the extent that plaintiff seeks information related to wage grade employees promoted at AASF#3 during the time frame immediately proceeding and following the selection that is in dispute, defendant is unaware of any such responsive documents. Defendant also objects as this is not a proper request for production of document but instead would require defendant to create documents.

Plaintiff's Response to Defendants' Answer: The Defendants' general unspecified blanket objection on the grounds of overly burdensome is grossly insufficient and improper as the scope of relevancy in discovery is broader than the scope of discover at hearing as the Plaintiff cannot necessarily determine in advance what information is in the documents. Moreover, the Defendant's objection that the request is overly burdensome is without merit also as the agency routinely requires its employees to retain these materials and records as a course of business. Accordingly, the Defendants should be compelled to produce the requested documents.

18. Any and all correspondence, e-mails, documents, inter and intra office memorandums and routing slips or memorandums, memos for the record, phone logs, records and or notes and/or all other materials sent to or receive by CW3 MacGregor to/from Cecil Wayne Wiggins referencing, discussing, mentioning or related to the position of Aircraft Systems Supervisor, (Vacancy Announcement Number 01-180.

Defendants' Answer: Defendant will make all responsive documents available for the Plaintiff's inspection during normal business hours. To the extend that these records are not contained within the administrative equal employment opportunity (EEO) complaints filed by plaintiff and/or Chief Warrant Officer Sammy Paulk, the defendant objects to the request as being unduly burdensome; and the request is not reasonably calculated to lead to the discovery of admissible evidence

Plaintiff's Response to Defendants' Answer: These records are not contained in the administrative records proffered by the Defendants in response to the Plaintiff's request for production. The equal employment opportunity (EEO) complaints filed by the Plaintiff and/or Chief Warrant Officer Sammy Paulk do not contain any and all correspondence, e-mails, documents, inter and intra office memorandums and routing slips or memorandums, memos for the record, phone logs, records and or notes and/or all other materials sent to or receive by CW3 MacGregor to/from Cecil Wayne Wiggins referencing, discussing, mentioning or related to the

position of Aircraft Systems Supervisor, (Vacancy Announcement Number 01-180. The Defendants' general unspecified blanket objection on the grounds of overly burdensome is grossly insufficient and improper as the scope of relevancy in discovery is broader than the scope of discover at hearing as the Plaintiff cannot necessarily determine in advance what information is in the documents. Moreover, the Defendant's objection that the request is overly burdensome is without merit also as the agency is required by administrative policy to retain these records as a course of business. Accordingly, the Defendants should be compelled to produce the requested documents.

19. Any and all correspondence, e-mails, documents, inter and intra office memorandums and routing slips or memorandums, memos for the record, phone logs, records and or notes and/or all other materials sent to or receive by Cecil Wayne Wiggins to/from CW3 MacGregor referencing, discussing, mentioning or related to the position of Aircraft Systems Supervisor, (Vacancy Announcement Number 01-180).

Defendants' Answer: Defendant will make all responsive documents available for the Plaintiff's inspection during normal business hours. To the extend that these records are not contained within the administrative equal employment opportunity (EEO) complaints filed by plaintiff and/or Chief Warrant Officer Sammy Paulk, the defendant objects to the request as being unduly burdensome; and the request is not reasonably calculated to lead to the discovery of admissible evidence

Plaintiff's Response to Defendants' Answer: These records are not contained in the administrative records proffered by the Defendants in response to the Plaintiff's request for production. The equal employment opportunity (EEO) complaints filed by the Plaintiff and/or Chief Warrant Officer Sammy Paulk do not contain any and all correspondence, e-mails, documents, inter and intra office memorandums and routing slips or memorandums, memos for the record, phone logs, records and or notes and/or all other materials sent to or receive by CW3 MacGregor to/from Cecil Wayne Wiggins referencing, discussing, mentioning or related to the position of Aircraft Systems Supervisor, (Vacancy Announcement Number 01-180). The Defendants' general unspecified blanket objection on the grounds of overly burdensome is grossly insufficient and improper as the scope of relevancy in discovery is broader than the scope of discover at hearing as the Plaintiff cannot necessarily determine in advance what

information is in the documents. Moreover, the Defendant's objection that the request is overly burdensome is without merit also as the agency is required by administrative policy to retain these records as a course of business. Accordingly, the Defendants should be compelled to produce the requested documents.

20. Any and all information and documents pertaining to the 7 February 2002 initial dismissal of the Plaintiff's EEO Compliant including but not limited to all correspondence documents, memorandums, letters, e-mails discussing, referencing, or mentioning the basis for the initial dismissal of the Plaintiff's EEO Complaint.

> Defendants' Answer: Defendant will make all responsive documents available for the Plaintiff's inspection during normal business hours. To the extend that these records are not contained within the administrative equal employment opportunity (EEO) complaints filed by plaintiff and/or Chief Warrant Officer Sammy Paulk, the defendant objects to the request as being unduly burdensome; and the request is not reasonably calculated to lead to the discovery of admissible evidence

> Plaintiff's Response to Defendants' Answer: These records are not contained in the administrative records proffered by the Defendants in response to the Plaintiff's request for production. The equal employment opportunity (EEO) complaints filed by the Plaintiff and/or Chief Warrant Officer Sammy Paulk do not contain Any and all information and documents pertaining to the 7 February 2002 initial dismissal of the Plaintiff's EEO Compliant including but not limited to all correspondence documents, memorandums, letters, e-mails discussing, referencing, or mentioning the basis for the initial dismissal of the Plaintiff's EEO Complaint. The Defendants' general unspecified blanket objection on the grounds of overly burdensome is grossly insufficient and improper as the scope of relevancy in discovery is broader than the scope of discover at hearing as the Plaintiff cannot necessarily determine in advance what information is in the documents. Moreover, the Defendant's objection that the request is overly burdensome is without merit also as the agency is required by administrative policy to retain these records as a course of business. Accordingly, the Defendants should be compelled to produce the requested documents.

21. Regarding the initial dismissal of the Plaintiff's EEO Complaint, produce any and all materials and or documents regarding, referencing, mentioning, or discussing

the Plaintiff's and or Selecting Official's rank and or the rank of any individuals in the unit and/or organization.

Defendants' Answer: Defendant will make all responsive documents available for the Plaintiff's inspection during normal business hours. To the extend that these records are not contained within the administrative equal employment opportunity (EEO) complaints filed by plaintiff and/or Chief Warrant Officer Sammy Paulk, the defendant objects to the request as being unduly burdensome; and the request is not reasonably calculated to lead to the discovery of admissible evidence

Plaintiff's Response to Defendants' Answer: These records are not contained in the administrative records proffered by the Defendants in response to the Plaintiff's request for production. The equal employment opportunity (EEO) complaints filed by the Plaintiff and/or Chief Warrant Officer Sammy Paulk do not contain information Regarding the initial dismissal of the Plaintiff's EEO Complaint, produce any and all materials and or documents regarding, referencing, mentioning, or discussing the Plaintiff's and or Selecting Official's rank and or the rank of any individuals in the unit and/or organization. The Defendants' general unspecified blanket objection on the grounds of overly burdensome is grossly insufficient and improper as the scope of relevancy in discovery is broader than the scope of discover at hearing as the Plaintiff cannot necessarily determine in advance what information is in the documents. Moreover, the Defendant's objection that the request is overly burdensome is without merit also as the agency is required by administrative policy to retain these records as a course of business. Accordingly, the Defendants should be compelled to produce the requested documents.

22. Regarding the initial dismissal of the Plaintiff's EEO Complaint, produce any and all materials and or documents regarding, referencing, mentioning, or discussing military grade inversion.

Defendants' Answer: Defendant will make all responsive documents available for the Plaintiff's inspection during normal business hours. To the extend that these records are not contained within the administrative equal employment opportunity (EEO) complaints filed by plaintiff and/or Chief Warrant Officer Sammy Paulk, the defendant objects to the request as being

unduly burdensome; and the request is not reasonably calculated to lead to the discovery of admissible evidence

Plaintiff's Response to Defendants' Answer: These records are not contained in the administrative records proffered by the Defendants in response to the Plaintiff's request for production. The equal employment opportunity (EEO) complaints filed by the Plaintiff and/or Chief Warrant Officer Sammy Paulk do not contain information Regarding the initial dismissal of the Plaintiff's EEO Complaint, produce any and all materials and or documents regarding, referencing, mentioning, or discussing military grade inversion. The Defendants' general unspecified blanket objection on the grounds of overly burdensome is grossly insufficient and improper as the scope of relevancy in discovery is broader than the scope of discover at hearing as the Plaintiff cannot necessarily determine in advance what information is in the documents. Moreover, the Defendant's objection that the request is overly burdensome is without merit also as the agency is required by administrative policy to retain these records as a course of business. Accordingly, the Defendants should be compelled to produce the requested documents.

23. Regarding the initial dismissal of the Plaintiff's EEO Complaint, produce any and all materials and or documents regarding, referencing, mentioning, or discussing that if the Plaintiff had been selected, he would not have been able to encumber the position.

Defendants' Answer: Defendant will make all responsive documents available for the Plaintiff's inspection during normal business hours. To the extend that these records are not contained within the administrative equal employment opportunity (EEO) complaints filed by plaintiff and/or Chief Warrant Officer Sammy Paulk, the defendant objects to the request as being unduly burdensome; and the request is not reasonably calculated to lead to the discovery of admissible evidence

Plaintiff's Response to Defendants' Answer: These records are not contained in the administrative records proffered by the Defendants in response to the Plaintiff's request for production. The equal employment opportunity (EEO) complaints filed by the Plaintiff and/or Chief Warrant Officer Sammy Paulk do not contain information Regarding the initial dismissal of the Plaintiff's EEO Complaint, produce any and all materials and or documents regarding, referencing, mentioning, or discussing that if the Plaintiff had been selected, he would not have been able to encumber the position. The Defendants' general unspecified blanket

objection on the grounds of overly burdensome is grossly insufficient and improper as the scope of relevancy in discovery is broader than the scope of discover at hearing as the Plaintiff cannot necessarily determine in advance what information is in the documents. Moreover, the Defendant's objection that the request is overly burdensome is without merit also as the agency is required by administrative policy to retain these records as a course of business. Accordingly, the Defendants should be compelled to produce the requested documents.

24. Regarding the NGB reversal of the initial dismissal of the Plaintiff's EEO Compliant, produce all materials and/or documents reviewed and/or used by National Guard Bureau Office of Equal Opportunity to make its findings that the initial dismissal was improper.

Defendants' Answer: Defendant will make all responsive documents available for the Plaintiff's inspection during normal business hours. To the extend that these records are not contained within the administrative equal employment opportunity (EEO) complaints filed by plaintiff and/or Chief Warrant Officer Sammy Paulk, the defendant objects to the request as being unduly burdensome; and the request is not reasonably calculated to lead to the discovery of admissible evidence

Plaintiff's Response to Defendants' Answer: These records are not contained in the administrative records proffered by the Defendants in response to the Plaintiff's request for production. The equal employment opportunity (EEO) complaints filed by the Plaintiff and/or Chief Warrant Officer Sammy Paulk do not contain information regarding the NGB reversal of the initial dismissal of the Plaintiff's EEO Compliant, produce all materials and/or documents reviewed and/or used by National Guard Bureau Office of Equal Opportunity to make its findings that the initial dismissal was improper. The Defendants' general unspecified blanket objection on the grounds of overly burdensome is grossly insufficient and improper as the scope of relevancy in discovery is broader than the scope of discover at hearing as the Plaintiff cannot necessarily determine in advance what information is in the documents. Moreover, the Defendant's objection that the request is overly burdensome is without merit also as the agency is required by administrative policy to retain these records as a course of business. Accordingly, the Defendants should be compelled to produce the requested documents.

25. Complete Report of Investigation in the Compliant of SSG Stephen Paulk (NGB Case No. T-0072-AL-01-02-A), including, but not limited to any and all testimony and statements.

> Defendants' Answer: Defendant will make all responsive documents available for the Plaintiff's inspection during normal business hours. To the extend that these records are not contained within the administrative equal employment opportunity (EEO) complaints filed by plaintiff and/or Chief Warrant Officer Sammy Paulk, the defendant objects to the request as being unduly burdensome; and the request is not reasonably calculated to lead to the discovery of admissible evidence

> Plaintiff's Response to Defendants' Answer: These records are not contained in the administrative records proffered by the Defendants in response to the Plaintiff's request for production. The equal employment opportunity (EEO) complaints filed by the Plaintiff and/or Chief Warrant Officer Sammy Paulk do not contain the complete Report of Investigation in the Compliant of SSG Stephen Paulk (NGB Case No. T-0072-AL-01-02-A), specifically did not include and all testimony and statements. The Defendants' general unspecified blanket objection on the grounds of overly burdensome is grossly insufficient and improper as the scope of relevancy in discovery is broader than the scope of discover at hearing as the Plaintiff cannot necessarily determine in advance what information is in the documents. Moreover, the Defendant's objection that the request is overly burdensome is without merit also as the agency is required by administrative policy to retain these records as a course of business. Accordingly, the Defendants should be compelled to produce the requested documents.

26. Regarding the Report of Investigation in the Compliant of SSG Stephen Paulk (NGB Case No. T-0072-AL-01-02-A), produce all materials and or documents used by management to support its contention that its actions were not discriminatory, including but not limited to management's stated reasons for its actions and any and all statements and or interviews with management witnesses.

> Defendants' Answer: Defendant will make all responsive documents available for the Plaintiff's inspection during normal business hours. To the extend that these records are not contained within the administrative equal employment opportunity (EEO) complaints filed by plaintiff and/or Chief Warrant Officer Sammy Paulk, the defendant objects to the request as being

unduly burdensome; and the request is not reasonably calculated to lead to the discovery of admissible evidence. Defendant expressly reserves its right to protect attorney work product.

Plaintiff's Response to Defendants' Answer: These records are not contained in the administrative records proffered by the Defendants in response to the Plaintiff's request for production. The equal employment opportunity (EEO) complaints filed by the Plaintiff and/or Chief Warrant Officer Sammy Paulk do not contain information regarding the Report of Investigation in the Compliant of SSG Stephen Paulk (NGB Case No. T-0072-AL-01-02-A), produce all materials and or documents used by management to support its contention that its actions were not discriminatory, including but not limited to management's stated reasons for its actions and any and all statements and or interviews with management witnesses. The Defendants' general unspecified blanket objection on the grounds of overly burdensome is grossly insufficient and improper as the scope of relevancy in discovery is broader than the scope of discover at hearing as the Plaintiff cannot necessarily determine in advance what information is in the documents. Moreover, the Defendant's objection that the request is overly burdensome is without merit also as the agency is required by administrative policy to retain these records as a course of business. Further, the Defendant's general unspecified blanket objection on the grounds of attorney-client privilege and work product is grossly insufficient and improper. A claim of privilege requires particularized information so that the validity of the objection can be reasonably assessed. Accordingly, the Defendants should be compelled to produce the requested documents.

27. Regarding the Report of Investigation in the Compliant of SSG Stephen Paulk (NGB Case No. T-0072-AL-01-02-A), produce all materials and or documents regarding management's denial of pre-selection.

Defendants' Answer: Defendant will make all responsive documents available for the Plaintiff's inspection during normal business hours. To the extend that these records are not contained within the administrative equal employment opportunity (EEO) complaints filed by plaintiff and/or Chief Warrant Officer Sammy Paulk, the defendant objects to the request as being unduly burdensome; and the request is not reasonably calculated to lead to the discovery of admissible evidence. .

Plaintiff's Response to Defendants' Answer: These records are not contained in the administrative records proffered by the Defendants in response to the Plaintiff's request for production. The equal employment opportunity (EEO) complaints filed by the Plaintiff and/or Chief Warrant Officer Sammy Paulk do not contain information regarding the Report of Investigation in the Compliant of SSG Stephen Paulk (NGB Case No. T-0072-AL-01-02-A), or any and all materials and or documents regarding management's denial of pre-selection. The Defendants' general unspecified blanket objection on the grounds of overly burdensome is grossly insufficient and improper as the scope of relevancy in discovery is broader than the scope of discover at hearing as the Plaintiff cannot necessarily determine in advance what information is in the documents. Moreover, the Defendant's objection that the request is overly burdensome is without merit also as the agency is required by administrative policy to retain these records as a course of business. Accordingly, the Defendants should be compelled to produce the requested documents.

28. Regarding the Report of Investigation in the Compliant of SSG Stephen Paulk (NGB Case No. T-0072-AL-01-02-A), produce a list of all witnesses interviewed by or who provided statements or testimony to the Investigator.

Defendants' Answer: Defendant will make all responsive documents available for the Plaintiff's inspection during normal business hours. To the extend that these records are not contained within the administrative equal employment opportunity (EEO) complaints filed by plaintiff and/or Chief Warrant Officer Sammy Paulk, the defendant objects to the request as being unduly burdensome; and the request is not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to the extent this request for production would require defendant to create a list.

Plaintiff's Response to Defendants' Answer: These records are not contained in the administrative records proffered by the Defendants in response to the Plaintiff's request for production. The equal employment opportunity (EEO) complaints filed by the Plaintiff and/or Chief Warrant Officer Sammy Paulk do not contain information regarding the Report of Investigation in the Compliant of SSG Stephen Paulk (NGB Case No. T-0072-AL-01-02-A), and did not include a list of all witnesses interviewed by or who provided statements or testimony to the Investigator. The Defendants' general unspecified blanket objection on the grounds of overly burdensome is grossly insufficient and improper as the scope of relevancy in discovery is broader than the scope of discover at hearing as the Plaintiff

cannot necessarily determine in advance what information is in the documents. Moreover, the Defendant's objection that the request is overly burdensome is without merit also as the agency is required by administrative policy to retain these records as a course of business. Furthermore, the defendant's objection that the request would require the defendants to create a list is without merit as the defendants and the complainant were required to inform the investigator of any and all witnesses they wished for him to interview in the course of his investigation. This list was provided to the HRO and EEO offices and the list is contained in correspondence between those offices and the investigator. Accordingly, the Defendants should be compelled to produce the requested documents.

29. Regarding the Report of Investigation in the Compliant of SSG Stephen Paulk (NGB Case No. T-0072-AL-01-02-A), produce any and all transcripts of this investigation.

> **Defendants' Answer:** Defendant will make all responsive documents available for the Plaintiff's inspection during normal business hours. To the extend that these records are not contained within the administrative equal employment opportunity (EEO) complaints filed by plaintiff and/or Chief Warrant Officer Sammy Paulk, the defendant objects to the request as being unduly burdensome; and the request is not reasonably calculated to lead to the discovery of admissible evidence.

> **Plaintiff's Response to Defendants' Answer:** These records are not contained in the administrative records proffered by the Defendants in response to the Plaintiff's request for production. The equal employment opportunity (EEO) complaints filed by the Plaintiff and/or Chief Warrant Officer Sammy Paulk do not contain information regarding the Report of Investigation in the Compliant of SSG Stephen Paulk (NGB Case No. T-0072-AL-01-02-A), and did not contain any and all transcripts of this investigation. The Defendants' general unspecified blanket objection on the grounds of overly burdensome is grossly insufficient and improper as the scope of relevancy in discovery is broader than the scope of discover at hearing as the Plaintiff cannot necessarily determine in advance what information is in the documents. Moreover, the Defendant's objection that the request is overly burdensome is without merit also as the agency is required by administrative policy to retain these records as a course of business. Accordingly, the Defendants should be compelled to produce the requested documents.

30. Regarding the informal complaint filed by the Plaintiff, produce all correspondence, letters, memorandums, and/or document submitted to BG Michael Sumrall, the Adjutant General.

> Defendants' Answer: Defendant will make all responsive documents available for the Plaintiff's inspection during normal business hours. To the extend that these records are not contained within the administrative equal employment opportunity (EEO) complaints filed by plaintiff and/or Chief Warrant Officer Sammy Paulk, the defendant objects to the request as being unduly burdensome; and the request is not reasonably calculated to lead to the discovery of admissible evidence.

> Plaintiff's Response to Defendants' Answer: These records are not contained in the administrative records proffered by the Defendants in response to the Plaintiff's request for production. The equal employment opportunity (EEO) complaints filed by the Plaintiff and/or Chief Warrant Officer Sammy Paulk do not contain information regarding the informal complaint filed by the Plaintiff, and did not yield any correspondence, letters, memorandums, and/or document submitted to BG Michael Sumrall, the Adjutant General. The Defendants' general unspecified blanket objection on the grounds of overly burdensome is grossly insufficient and improper as the scope of relevancy in discovery is broader than the scope of discover at hearing as the Plaintiff cannot necessarily determine in advance what information is in the documents. Moreover, the Defendant's objection that the request is overly burdensome is without merit also as the agency is required by administrative policy to retain these records as a course of business. Accordingly, the Defendants should be compelled to produce the requested documents.

31. Regarding the informal complaint filed by the Plaintiff, produce any and all records of contact between SFC Michael G. Woodall and BG Michael H. Sumrall, the Adjutant General, including but not limited to including but not limited to e-mails, inter/intra office memos, memorandums for the record, letters, inter/intra office routing slips or memos, phone notes, phone records, and or phone logs regarding, referencing or discussing and or mentioning the informal complaint filed by the Plaintiff.

> Defendants' Answer: Defendant will make all responsive documents available for the Plaintiff's inspection during normal business hours. To the

extend that these records are not contained within the administrative equal employment opportunity (EEO) complaints filed by plaintiff and/or Chief Warrant Officer Sammy Paulk, the defendant objects to the request as being unduly burdensome; and the request is not reasonably calculated to lead to the discovery of admissible evidence.

Plaintiff's Response to Defendants' Answer:  These records are not contained in the administrative records proffered by the Defendants in response to the Plaintiff's request for production.  The equal employment opportunity (EEO) complaints filed by the Plaintiff and/or Chief Warrant Officer Sammy Paulk do not contain information regarding the informal complaint filed by the Plaintiff, produce any and all records of contact between SFC Michael G. Woodall and BG Michael H. Sumrall, the Adjutant General, and did not include any e-mails, inter/intra office memos, memorandums for the record, letters, inter/intra office routing slips or memos, phone notes, phone records, and or phone logs regarding, referencing or discussing and or mentioning the informal complaint filed by the Plaintiff.  The Defendants' general unspecified blanket objection on the grounds of overly burdensome is grossly insufficient and improper as the scope of relevancy in discovery is broader than the scope of discover at hearing as the Plaintiff cannot necessarily determine in advance what information is in the documents.  Moreover, the Defendant's objection that the request is overly burdensome is without merit also as the agency is required by administrative policy to retain these records as a course of business.  Accordingly, the Defendants should be compelled to produce the requested documents.

32. Regarding the informal complaint filed by the Plaintiff, produce any and all records of contact between SFC Michael G. Woodall and 1LT Caldwell including but not limited to including but not limited to e-mails, inter/intra office memos, memorandums for the record, letters, inter/intra office routing slips or memos, phone notes, phone records, and or phone logs regarding, referencing or discussing and or mentioning the informal complaint filed by the Plaintiff.

Defendants' Answer:  Defendant will make all responsive documents available for the Plaintiff's inspection during normal business hours.  To the extend that these records are not contained within the administrative equal employment opportunity (EEO) complaints filed by plaintiff and/or Chief Warrant Officer Sammy Paulk, the defendant objects to the request as being

unduly burdensome; and the request is not reasonably calculated to lead to the discovery of admissible evidence.

Plaintiff's Response to Defendants' Answer: These records are not contained in the administrative records proffered by the Defendants in response to the Plaintiff's request for production. The equal employment opportunity (EEO) complaints filed by the Plaintiff and/or Chief Warrant Officer Sammy Paulk do not contain information regarding the informal complaint filed by the Plaintiff, and did not include any and all records of contact between SFC Michael G. Woodall and 1LT Caldwell including but not limited to including but not limited to e-mails, inter/intra office memos, memorandums for the record, letters, inter/intra office routing slips or memos, phone notes, phone records, and or phone logs regarding, referencing or discussing and or mentioning the informal complaint filed by the Plaintiff. The Defendants' general unspecified blanket objection on the grounds of overly burdensome is grossly insufficient and improper as the scope of relevancy in discovery is broader than the scope of discover at hearing as the Plaintiff cannot necessarily determine in advance what information is in the documents. Moreover, the Defendant's objection that the request is overly burdensome is without merit also as the agency is required by administrative policy to retain these records as a course of business. Accordingly, the Defendants should be compelled to produce the requested documents.

33. Regarding NGR 600-25/ANGI 36-102, produce any and all submissions for exceptions to policy or requests for waivers on military grade inversions for AASF #1, AASF #2, and AASF #3 submitted by the Human Resources Office to NGB-ARP during 1996, 1997, 1998, 1999, 2000, 2001, and 2002.

Defendant's Answer: Defendant objects to the request as being unduly burdensome and that the request is not reasonably calculated to lead to discovery of admissible evidence. To the extent that plaintiff seeks information related to wage grade employees promoted at AASF#3 during the time frame immediately proceeding and following the selection that is in dispute, defendant is unaware of any such responsive documents.

Plaintiff's Response to Defendants' Answer: The Defendants' general unspecified blanket objection on the grounds of overly burdensome is grossly insufficient and improper as the scope of relevancy in discovery is broader than the scope of discover at hearing as the Plaintiff cannot necessarily determine in advance what information is in the documents. The

It is important to note that the Plaintiff's request for production was not limited to wage grade employees promoted at AASF #3, but rather was for any and all submissions for exceptions to policy or requests for waivers on military grade inversions for AASF #1, AASF #2, and AASF #3 submitted by the Human Resources Office to NGB-ARP during 1996, 1997, 1998, 1999, 2000, 2001, and 2002. Moreover, the Defendant's objection that the request is overly burdensome is without merit also as the agency routinely requires its employees to retain these materials and records as a course of business. Accordingly, the Defendants should be compelled to produce the requested documents

34. The complete military and civilian personnel files of the Plaintiff.

Defendant's Answer: Defendant will make these records available for Plaintiff's inspection during normal business hours.

Plaintiff's Response to Defendants' Answer: The Plaintiff was able to inspect and copy records represented by the Defendants as his official, complete military and civilian personnel file when he reviewed the administativde files proffered by the Defendants on May 9, 2006.

35. The complete military and civilian personnel file of SFC Cecil Wiggins which includes all performance evaluations/appraisals, training, and supervisory assignments and positions and any and all disciplinary actions or complaints.

Defendant's Answer: The defendant's objects to this request as the Privacy Act, 5 U.S. C ss 552a, prohibits the Army from disclosing information contained in records relating to Cecil Wiggins employment excerpt as provided in the administrative processing of plaintiff's EEO compliant.

Plaintiff's Response to Defendants' Answer: The Defendants' objection based on the Privacy Act is without merit. The Privacy Act does not preclude the release of this information, but rather only protect information such Mr. Wiggins' social security number and other protected information. The Defendants did not attempt to provide a redacted copy of the personnel records allowing the Plaintiff access to information contained in the personnel file that is not specifically protected by the Privacy Act. Accordingly, the Defendants should be compelled to produce all of the requested documents that are not specifically protected by 5 U.S.C.

36. The personnel file of CW5 Sammy Paulk which includes all performance evaluations/appraisals, training, and supervisory assignments and positions.

> Defendants' Answer: The defendants objects to this request as the Privacy Act, 5 U.S. C ss 552a, prohibits the Army from disclosing information contained in records relating to Sammy Paulk's employment excerpt as provided in the administrative processing of plaintiff's and Chief Warrant Offer Sammy Paulk's EEO compliant; the request is unduly burdensome; and the request is not reasonably calculated to lead to the discovery of admissible evidence. .

> Plaintiff's Response to Defendants' Answer: The Defendants' objection based on the Privacy Act is without merit. The Privacy Act does not preclude the release of this information, but rather only protect information such Mr. Paulk's social security number and other protected information. The Defendants did not attempt to provide a redacted copy of the personnel records allowing the Plaintiff access to information contained in the personnel file that is not specifically protected by the Privacy Act. Accordingly, the Defendants should be compelled to produce all of the requested documents that are not specifically protected by 5 U.S.C. Further, the Defendants' general unspecified blanket objection on the grounds of overly burdensome is grossly insufficient and improper as the scope of relevancy in discovery is broader than the scope of discover at hearing as the Plaintiff cannot necessarily determine in advance what information is in the documents. . Moreover, the Defendant's objection that the request is overly burdensome is without merit also as the agency routinely requires its employees to retain these materials and records as a course of business. Accordingly, the Defendants should be compelled to produce the requested documents

37. Performance appraisals/evaluations of SFC Robert Mustin for 1998, 1999, 2000 and 2001 and/or any civilian performance awards or military citations for the same periods as well as any disciplinary or discrimination complaints.

> Defendants' Answer: The defendants objects to this request as the Privacy Act, 5 U.S. C ss 552a, prohibits the Army from disclosing information contained in records relating to Robert Mustin's employment excerpt as provided in the administrative processing of plaintiff's EEO compliant; the request is unduly burdensome; and the request is not reasonably calculated to lead to the discovery of admissible evidence. .

Plaintiff's Response to Defendants' Answer: The Defendants' objection based on the Privacy Act is without merit. The Privacy Act does not preclude the release of this information, but rather only protect information such Mr. Mustin's social security number and other protected information. The Defendants did not attempt to provide a redacted copy of the personnel records allowing the Plaintiff access to information contained in the personnel file that is not specifically protected by the Privacy Act. Accordingly, the Defendants should be compelled to produce all of the requested documents that are not specifically protected by 5 U.S.C. Further, the Defendants' general unspecified blanket objection on the grounds of overly burdensome is grossly insufficient and improper as the scope of relevancy in discovery is broader than the scope of discover at hearing as the Plaintiff cannot necessarily determine in advance what information is in the documents. . Moreover, the Defendant's objection that the request is overly burdensome is without merit also as the agency routinely requires its employees to retain these materials and records as a course of business. Accordingly, the Defendants should be compelled to produce the requested documents

38. Contemporaneous photos of the Plaintiff, SFC Cecil Wayne Wiggins, and CW5 Sammy Paulk.

Defendants' Answer: The defendants objects to this request as the Privacy Act, 5 U.S. C ss 552a, prohibits the Army from disclosing information contained in the photographs relating to Robert Mustin or Sammy Paulk; the request is unduly burdensome; and the request is not reasonably calculated to lead to the discovery of admissible evidence. Furthermore, defendant does not possess "contemporaneous" photographs of any of these individuals as they have all retired from their military and civilian positions.

Plaintiff's Response to Defendants' Answer: The Defendants' objection based on the Privacy Act is without merit. The Privacy Act does not preclude the release of photographs, but rather restricts only specifically protected information such social security numbers and other protected information. Accordingly, the Defendants should be compelled to produce the photographs since they are not specifically protected by 5 U.S.C. Each of the individuals named in the request has a photograph in their military personnel file as these are required for each military member to be considered for promotion by a promotion board. The request is for a contemporaneous photo at the time of the illegal discriminatory activity, so the defendants' argument that photos are not available due to the retirement

of these individuals is not valid.  Furthermore, the Defendants' general
unspecified blanket objection on the grounds of overly burdensome is
grossly insufficient and improper as the scope of relevancy in discovery is
broader than the scope of discover at hearing as the Plaintiff cannot
necessarily determine in advance what information is in the documents.  .
Moreover, the Defendant's objection that the request is overly burdensome
is without merit also as the agency routinely requires its employees to retain
these materials and records as a course of business. Accordingly, the
Defendants should be compelled to produce the requested documents


Respectfully submitted this the 19th day of May 2006.




Stephen D. Paulk
1786 Hillabee Road
Ramer, AL  36069
334-562-9453

Prose Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on May 19, 2006, I filed the foregoing with the Clerk of the Court and placed copies of same in the United States mail, first class postage affixed addressed to:

R. Randolph Neeley
Assistant United States Attorney
P.O. Box 197
Montgomery, AL 36101-0197

Lt. Col Michael E. Hokenson
U.S. Army Litigation Division
901 North Stuart Street, Suite 401
Arlington, VA 22203-1837

Stephen D. Paulk
Prose Plaintiff