IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| STEPHEN D. PAULK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No.: 2:05-CV-1141-WKW-CSC |
| | ) |
| FRANCIS J. HARVEY, Secretary of the Army, and the DEPARTMENT of the ARMY. | ) ) ) |
| | ) |
| Defendants. | ) |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS AND MOTION TO COMPEL AND DEFENDANT'S MOTION TO STAY DISCOVERY**

Comes now the Defendant, Francis J. Harvey, Secretary of the Army, by and through Leura G. Canary, United States Attorney for the Middle District of Alabama, and pursuant to the Federal Rules of Civil Procedure, responds to Plaintiff's Response to the Defendants' Response to the First Request for Production of Documents and Second Motion to Compell [sic] Production of Documents.  Defendant objects to Plaintiff's, Staff Sergeant (SSG) Stephen D. Paulk's, Motion to Compel Production of Documents and instead moves this Honorable Court to stay discovery until the Court rules on the pending Motion to Dismiss.

1.      SSG Paulk did not contact defendant prior to filing his motion to compel with this Honorable Court.  As defendant pointed out previously in response to Plaintiff's First Motion to Compel, the <u>Guidelines to Civil Discovery Practice in the Middle District</u>

of Alabama state that a telephone call or letter is appropriate before filing a motion to compel discovery. Once again, SSG Paulk has made no effort to respond to defendants prior to filing his Second Motion to Compel.

    2.    In support of this Motion to Stay Discovery, defendant would note that the National Guard Aviation Brigade that specifically involves this disputed position has been mobilized and is currently located at Fort Hood, Texas, preparing to deploy to Iraq in support of Operation Iraqi Freedom. The Alabama National Guard is devoting untold man hours to ensure that this brigade is prepared, equipped and trained for deployment into a hostile theater of operations. Since the defendant currently has pending a Motion to Dismiss that is based upon timely exhaustion of administrative remedies and justiciability of claims, discovery at this point should be stayed to avoid prejudice to defendant and the Alabama National Guard. Moreover, a stay at this point would promote the orderly administration of justice in this matter.

    3.    Defendant has complied with the Court's order of April 14, 2006, and provided voluminous documentation to SSG Paulk. On or about April 24, 2006, defendant met with SSG Paulk pursuant to the Court's order. At the meeting, defendant discussed in great detail its concerns over the wide-sweeping breadth of SSG Paulk's Request for Production. SSG Paulk affirmatively represented to defendant that SSG Paulk did not have copies of the administrative record and, despite assurances that defendant would voluntarily provide the complete administrative record, SSG Paulk

insisted that he expected detailed responses to each of his requests for production.[1] Defendant asked SSG Paulk if he was aware of *any* specific employment situation, other than his own, that he believed would be responsive to his requests or would assist him in responding to Defendant's Motion to Dismiss. SSG Paulk stated that he could not provide any specific information that would assist in the collection of responsive documentation. Defendant noted that it would provide responsive documents and would further note its objections to the First Request for Production as being overbroad and not calculated to lead to discoverable information. Defendant also pointed out that many of the requests implicated Privacy Act concerns and attorney work product.

4. During the week of May 8 - 12, 2006 defendant made the complete administrative equal employment opportunity (EEO) file pertaining to his EEO complaint available for SSG Paulk's inspection and review. While SSG Paulk did not request a copy of the administrative complaint filed by Warrant Officer Five Sammy Paulk, defendant made this record available as well since it contained the same disputed position and could possibly contain responsive documents. Due to the nature of the administrative hearings conducted for EEO complaint investigations, extensive documentation is preserved and included within the administrative record. Defendant, in good faith, and

---

[1] On May 1, 2006, SSG Paulk filed his Opposition Brief to Defendant's Motion to Dismiss. SSG Paulk's Opposition included numerous attachments that demonstrate, contrary to his representations to defendant, that he already had possession of significant portions of, if not the entire, administrative record pertaining to his EEO complaint.

with review of the files pertaining to the two EEO complaints to this selection decision, believes that these records contained nearly all of the responsive documents ***properly*** sought by SSG Paulk.

5.  According to SSG Paulk's Second Request to Compel Production, there are **no** responsive documents found within hundreds of pages of records and transcripts contained within the administrative files related to the EEO complaints filed by SSG Paulk and Chief Warrant Officer Five Sammy Paulk.  Defendant would submit that this is a gross misrepresentation to the Court.  Defendant would further note that SSG Paulk is somehow under the misunderstanding that a Request for Production will result in defendant actually creating documents to produce.  Of course, defendant has no obligation to affirmatively create documents in order to respond to a Production Request.  Nor can defendant properly release documents that are clearly covered by the Privacy Act, such as military and civilian personnel files and evaluations of other members of the Alabama National Guard.

6.  Defendant did, in fact, raise significant objections to the over broad scope of SSG Paulk's request for production and the undue burden of producing documents that could not reasonably lead to the discovery of admissible evidence..  For example, he explicitly sought documentation relating to nearly every position that was hired at three distinct Alabama National Guard facilities regardless of the military rank of the individuals involved in the positions and he sought such information covering a seven

year period of time dating back a decade ago. This undue burden should not only take into account the fact that the requests sought extremely dated materials that are not likely to exist, it should also consider the fact that the Alabama National Guard has had a significant number of personnel mobilized and they are now preparing to deploy to Iraq.

WHEREFORE, the plaintiff's Motion to Compel is due to be and should be denied and defendants' Motion to Stay Discovery should be granted.

Respectfully submitted this 8th day of June, 2006.

                                            LEURA G. CANARY
                                            United States Attorney

By:    s/R. Randolph Neeley
        R. RANDOLPH NEELEY
        Assistant United States Attorney
        Bar Number: 9083-E56R
        Attorney for Defendant
        Post Office Box 197
        Montgomery, AL  36101-0197
        Telephone No.: (334) 223-7280
        Facsimile No.: (334) 223-7418
        E-mail: **rand.neeley@usdoj.gov**

OF COUNSEL:

Lt. Col. Michael E. Hokenson
U.S. Army Litigation Division
901 North Stuart Street, Suite 401
Arlington, VA 22203-1837
Michael.Hokenson@hqda.army.mil
(703) 696-1606

## CERTIFICATE OF SERVICE

I hereby certify that on June 12, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and placed a copy of same in the United States mail, first class postage affixed, addressed to:

> Stephen D. Paulk, *Pro Se*
> 1786 Hillabee Rd.
> Ramer, AL 36069

>> s/R. Randolph Neeley
>> Assistant United States Attorney