IN THE MIDDLE DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED

2006 JUN 23 A 8: 42

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA.

| | | |
|---|---|---|
| Stephen D. Paulk | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No.: 2:05-CV-1141-WKW-CSC |
| v. | § | |
| | § | |
| § | | |
| | § | |
| | § | |
| Francis J. Harvey, Secretary | § | |
| of the Army& the Department | § | |
| of the Army | § | |
| | § | |
| Defendants. | § | |

SUPPLEMENTAL MEMORANDUM BRIEF IN SUPPORT OF PLAINTIFF'S RESPONSE TO DEFENDANTS MOTION TO DISMISS, OR IN THE ALTERATNIVE, FOR SUMMARY JUDGEMENT

The Plaintiff, Stephen D. Paulk, moves this Court to deny the Defendant's motion to dismiss the Plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b) (6))for failure to state a claim, or in the alternative, summary judgment pursuant to Fed R. Civ. P. 56, and submits the following supplemental brief in support thereof.

I.    INTRODUCTION

Now pending before this Honorable Court is the question of whether the Plaintiff, Stephen D. Paulk, who was employed as a military technician (dual status) can bring a compliant of illegal discrimination under Title VII of the Civil Rights Act of 1964 (Title

VII), the Age Discrimination in Employment Act (ADEA), and under the Older Worker' Benefit Protection Act against the Alabama Army National Guard for unlawful employment discrimination due to his age.


## II. BACKGOUND

The present action is brought under Title VII of the Civil Rights Act of 1964 (Title VII), the Age Discrimination in Employment Act (ADEA), and under the Older Worker' Benefit Protection Act for unlawful employment discrimination due to the Plaintiff's age.

The Plaintiff, Stephen D. Paulk was employed by the Alabama Army National Guard as a Military Technician (dual status) under Title 5 and/or Title 32 and was at the time of the illegal discriminatory activity employed as a Federal Civil Service employee (Wage Grade (WG) 11, step 5) at AASF #1 located in Hope Hull Alabama. When he applied for the civilian position of Aircraft Systems Supervisor, the Plaintiff was fifty one (51) years of age, making the Plaintiff now, and at all times relevant hereto in the ADEA protected age group (PAG). The Plaintiff applied for the position of Aircraft Systems Supervisor (WS 8801 10) and was deemed qualified for the job by the AL NG HRO and despite these qualifications, he was rejected based on illegal discriminatory criterion.

The Plaintiff, Stephen D. Paulk, was a Military Technician (dual status) and was at the time of the discriminatory activity a Federal civilian employee who was employed under section 3101 of Title 5 and/or Section 709 (b) of Title 32 and assigned to a civilian

position as a technician in the maintenance and repair of supplies or equipment issued to the armed forces.  As a civilian employee, the Plaintiff's compliant of illegal discrimination based on age is fully cognizable under Title VII and the Age Discrimination in Employment Act (AEDA) and is clearly within the jurisdiction of this Honorable Court.  Moreover, because the defendant's discriminatory activities prevented the Plaintiff from receiving higher compensation prior to his retirement, and thus reduced the Plaintiff's retirement compensation based upon the reduced annual salaries used to calculate the Plaintiff's "high three" for his retirement annuity, the Plaintiff is appropriately seeking relief under the Older Workers' Benefit Protection Act to restore his retirement annuity to the amount he would have received if he had not been illegally discriminated against based upon his age.  The remedies and full relief sought, including, but not limited to those sought under the Older Workers' Benefit Protection Act are necessary to make the Plaintiff "whole" not only for the loss of any and all earnings suffered as a result of the discrimination pursuant to Title VII and AEDA, but also to restore the retirement benefits lost as a result of the illegal discrimination activities as afforded under the Older Workers' Benefit Protection Act.

The Plaintiff filed an Administrative EEO Compliant for illegal discrimination based upon his age in accordance with procedures prescribed in National Guard Regulation (AR) 690-600 and carefully and properly followed all instructions for filing a timely appeal

that were provided by the National Guard Bureau in it's notice of the agency's final decision. Plaintiff's civil action which was first filed on May 19, 2005 and then withdrawn and dismissed without prejudice on June 20, 2005, and refilled on December 1, 2005 only after the Plaintiff fully exhausted his administrative rights is both appropriate and timely and is correctly filed with this Honorable Court.

### III. Statement of Facts

1.  At the time of the illegal discriminatory activity, the Plaintiff, Stephen D. Paulk was a military technician (dual status) employed as a Federal Civil Service employee (Wage Grade (WG) 11, step 5) at AASF #1 located in Hope Hull Alabama. The Plaintiff was a civilian employee of the Department of the Army employed under section 3101 of Title 5 and/or Section 709 (b) of Title 32.

2.  The Alabama Army National Guard issued a statewide Military Technician Merit Promotion Vacancy Announcement for an Aircraft Systems Supervisor (WS-10) on July 20, 2001 which listed the specialized and general experience requirements, the knowledge, skills and abilities requirements, and the civilian position description requirements.

3.  The Plaintiff, Stephen D. Paulk used the Optional Application for Federal Employment (OF 612) to apply for the

position of Aircraft Systems Supervisor, Wage Supervisor (WS) 10 at AASF#3.

4.  The Plaintiff's application was reviewed by the Office of Human Resources who deemed the Plaintiff to be qualified and eligible for the Aircraft Systems Supervisor position in accordance with the Merit Placement Program contained in TPR 300. The Office of Human Resources included  the Plaintiff's name on Merit Promotion Certificate number 01-180 forwarded by Donnie Davis, Deputy HRO on August 10, 2001.

5.  The selecting official, Donald MacGregor, interviewed all seven eligible candidates referred by HRO on the Merit Promotion Certificate number 01-180.  MacGregor used nine interview questions.

6.  Cecil Wiggins, a 42 year old employed as a military technician civilian Aircraft Mechanic WG-11, was selected for the position of Aircraft Systems Supervisor on August 29, 2001 by Donald MacGregor and the selection was concurred in by Charles A. Bonasera on 29 August 2001.

7.  The agency failed to demonstrate how the Plaintiff's qualifications evaluation and his standing on the candidates' comparative evaluation ratings were considered by MacGregor in the selection decision.

8.  While the Defendants' posit that the prohibition on military grade inversions would have prevented the Plaintiff, Stephen D. Paulk from holding the position of Aircraft Systems Supervisor

even if he had been selected for the position, MacGregor admits
"it is possible to avoid a grade inversion by reassignment of
the more senior individual."

9.  Following the procedures outlined in National Guard
Regulation 690-600, **_Civilian Discrimination Complaint Process
and Adjudication_**", the Plaintiff, Stephen D. Paulk, initiated an
informal EEO complaint based on age discrimination on 31 October
2001 and filed a formal EEO complaint with the Alabama Army
National Guard on December 14, 2001.  The agency, upon
reinstating the Plaintiff's erroneously dismissed complaint,
noted that the complaint was filed as a _"Technician"_, _"not a
Military Claim"_, and therefore the Alabama National Guard
dismissal of the complaint was improper.

10. Upon receiving the final agency decision (FAD), the
Plaintiff filed an appeal with the EEOC in accordance with the
instruction provided by the agency.  The FAD outlined the
Plaintiff's rights to file an appeal with the EEOC in accordance
with Chapter 8, National Guard Regulation (NGR) (AR) 690-600 and
Title 29 Code of Federal Regulations, Part 1614.  The FAD also
acknowledged the Plaintiff's right, under Title VII of the Civil
Rights Act, the Age Discrimination in Employment Act or the
Rehabilitation Act to file a civil action.

11. The Plaintiff received notice dated October 27, 2005 from
the EEOC that the request for reconsideration of the Plaintiff's
appeal was denied, thus, fully exhausting all administrative

remedies in this matter before the Plaintiff filed the complaint now pending before this honorable court.

### III. ARGUMENT

The defense has argued that the Plaintiff's claim of illegal discrimination due to age is a nonjusticiable military matter and should be dismissed as it fails to state a claim. The defense cites NeSmith v. Fulton, 615 F.2d 196 (5th Cir. 1980) and argues that the Eleventh Circuit has held that a National Guard Technician is a member of the military. The defense further argues that the Eleventh Circuit's adoption of the bright line rule in NeSmith, prevents the plaintiff from pursuing a Title VII cause of action. However, the defense fails to note that in NeSmith, the court was not reviewing a Title VII claim, but rather a 42 U.S C ss 1983 case.

In NeSmith, the 5th Circuit applied the standard set forth in Mindes v. Seamen, 453 F.2d 197 (5th Circ. Dec 1971), and found that an Air National Guard technician's 42 U.S. C. ss 1983 claim for loss of his civilian position was not subject to review. Although, the court noted in NeSmith that "formally, a civilian technician is a federal civil employee outside the competitive civil service, the position, in substance, is one in a military organization." However, in NeSmith, the court grounded its reasoning on "the extent to which the exercise of military expertise or discretion is involved in the decision to dismiss NeSmith from his military

post." The court noted in NeSmith, however, that it was not reviewing a Title VII claim, clearly implying that a claim under Title VII was justicable.

Further, in Brown v. United States, 99-31189, 5th Cir. Ap. 2002, the court also noted that, ..."in NeSmith, however, we were not reviewing a Title VII claim." In Brown, the court also noted that "Air Reserve Technicians (like military technicians) are required to maintain two government positions, one civilian and one military position. As a consequence of the limited scope of the Title VII waiver, employment discrimination claims by ARTs must be categorized as either arising from their position as a civilian employee of military department or their position as a uniformed service member." The 5th Circuit chose to determine whether a dual status employee's claim is cognizable under Title VII according to the lines drawn by the EEOC, concluding that claims arising purely from an ART's civilian position are provided for under Title VII; claims that originate from an ART's military status however are not cognizable. The 5th Circuit affirmed the district court's dismissal of Brown's case, but noted that Brown's attempts to characterize his claim as arising from his civilian position were not valid. The court concluded that Brown was seeking review of actions taken by the military that formed the basis of his military discharge. The Fifth Circuit held that Brown's claim was an effort to obtain judicial review of his military discharge and thus not cognizable under Title VII.

The First Circuit has also discussed dual-status employees in Wright v. Park, 5F, 3d 586 (1sr Cir 1993). In Wright, the court was faced with a claim that involved a National Guard Technician's dismissal from his civilian position. The court noted that the dual roles occupied by the National Guard technician "are inextricable "intertwined" and affirmed the district court's dismissal of the claim on justiciability grounds. But again the court emphasized that in the Wright case, like the 5th Circuit in NeSmith, was reviewing an ss 1983 claim and not a Title VII claim. Again, the court implied the justicability of Title VII claims for actions arising out of the civilian component of military technician's dual status employment.

In Mier v. Owens, 57 F.3d 747 (9th Cir 1996), cert denied 517 U. S. 1103 (1996) the Ninth Circuit determined whether a National Guard technician who held both civilian and military positions could maintain a Title VII action. In Mier, the technician asserted that he had been discriminatorily denied military promotions as a consequence suffered suspension from his civilian post. In Mier, the court ultimately decided that Mier's claims were integrally related to the military unique structure because they were based upon his not being promoted to the rank of major. The Ninth Circuit determined that Title VII does not allow the court to review decisions regarding the military's promotion of individuals serving as Guard technicians. In arriving at its decision, the court adopted the following standard for resolving

the case, "we concluded that Title VII coverage of civilians employed by the military encompasses actions brought by Guard technicians except when the challenged conduct is integrally related to the military unique structure".  Applying this standard in Mier, the court held that the Guard members' claim was not covered by Title VII because it involved a military personnel decision that was "integral to the military's structure."

The defendants in the defense motion to dismiss appear to imply that the facts in the Plaintiff Paulk's complaint are similar to those in Mier.  The defense erroroneously argues that the present complaint should be denied because the discriminatory actions alleged by the Plaintiff, like those in Mier were integrally related to the military's structure and therefore were not within Title VII coverage.

However, there are substantial differences between Plaintiff Paulk's complaint and that of Mier.  Most significantly, Mier alleged that he had been discriminatorily denied a military promotion while Plaintiff Paulk in the matter pending before this honorable court was discriminatorily denied a federal civilian merit system promotion. It is precisely this significant difference between Plaintiff Paulk's pending action which is based entirely upon a "purely civilian claim", and the cases cited by the defense- - in their arguments for dismissal, or in the alternative for summary judgment-- are based exclusively upon claims originating from a reservist's or guard member's military status, and thus must

compel this honorable court to deny the defense motion and hold
that the complaint is fully justiciable under Title VII.

It is important for this honorable court to note that
although Title VII excludes military service members, it does not
explicitly address dual status military technician coverage.  Title
VII, however, does specifically provide for claims against the
government for civilian employees in the military departments.
Because the Plaintiff was a federal civil service employee with the
Department of the Army and the illegal discriminatory actions were
perpetrated by the agency in filing a civilian position (Aircraft
Systems Supervisor-WS-10), this claim pending for this honorable
court arises purely from the Plaintiff's military technician (dual
status) civilian position, and is therefore fully cognizable under
Title VII according to the lines drawn by the Equal Employment
Opportunities Commission (EEOC)and upheld by all courts reviewing
cases involving the dual status of military technicians.  The EEOC
regulation, 29 C.F.R s$^s$ governs Title VII claims brought by members
of the armed forces:  "(a) Individuals and class complaints of
employment discrimination and retaliation prohibited by title
VII…shall be processed in accordance with this part … (b) this part
applies to:  (1) Military departments as defined in 5 U.S.C. 102
but does not apply to (1) Uniformed members of the military
departments…"

Moreover, the court should note that the Title VII cognizable
nature of this claim is further supported by the facts in the case

which show that even the agency recognized the "purely civilian nature of the complaint" when it advised the Plaintiff to use the procedures outlined in National Guard Regulation 690-600, "***Civilian Discrimination Complaint Process and Adjudication***" to file an administrative EEO complaint for age discrimination in his non-selection for the Aircraft Systems Supervisor position.  Further, even the final agency decision (FAD) in the Plaintiff's administrative EEO complaint in this matter outlined the Plaintiff's rights to file an appeal with the EEOC in accordance with Chapter 8, National Guard Regulation (NGR) (AR) 690-600 and Title 29 Code of Federal Regulations, Part 1614.  The FAD also acknowledged the Plaintiff's right, under Title VII of the Civil Rights Act, the Age Discrimination in Employment Act or the Rehabilitation Act to file a civil action.  Accordingly, because even the agency recognized that the Plaintiff's complaint originated purely from actions affecting his civilian position, the Plaintiff's complaint is therefore, fully cognizable under Title VII according to the lines drawn by the Equal Employment Opportunities Commission (EEOC).

It is undisputed that the Plaintiff, Stephen D. Paulk was a military technician (dual status) employed as a Federal Civil Service employee (Wage Grade (WG) 11, step 5) at AASF #1 located in Hope Hull Alabama. The Plaintiff was a civilian employee of the Department of the Army employed under section 3101 of Title 5 and/or Section 709 (b) of Title 32.  The civilian status of military technicians is

spelled out in Section 10216 of Title 10 which states: " For purpose

of this section and any other provision of a law, a military

technician (dual status) is a "***Federal civilian employee***" who is

employed under section 3101 of title 5 or section 709 (b) of title

32; and is assigned ***to a civilian position as a technician*** in the

administration and training of the Selected Reserve or in the

maintenance and repair of supplies or equipment issued to the

Selected Reserve or the armed forces." Moreover, the statue noted

that military technicians (dual status) "shall be authorized and

accounted for as a ***separate category of civilian employees.***"(emphasis

added)." Accordingly, the right of the Plaintiff to bring a Title

VII claim based upon his statutory civilian status can not be denied.

Moreover, although traditionally the courts have been quite

reluctant to review or intervene in matters concerning the military

and have equally been careful on appropriate occasions to defer to

the decisions of military authorities, the courts have implied that

the question of whether a military technician, whose job is a hybrid

military-civilian job can maintain a Title VII employment

discrimination action, can be answered easily if the complaint arises

out of actions pertaining solely to the civilian position.

Accordingly the Plaintiff'a complaint is fully cognizable under Title

VII as it arises from discriminatory actions that resulted in the

Plaintiff's non-selection for a civilian supervisory position.

The Plaintiff's argument that his claim is a purely civilian

claim cognizable under Title VII is further supported by the

following facts that highlight the civilian nature of the position
and the discriminatory actions in question.

> (1) The grade of the Aircraft Systems Supervisor civilian
> position (WS- 10) for which the Plaintiff applied and
> was non-selected due to his age was determined based
> upon a position classification review of the position
> description number 400800000 conducted by the agency
> in accordance with civilian personnel classification
> standards issued by the Office of Personnel Management
> (OPM).  It is important for the court to note that the
> wage grades are pay rates used in nearly every
> civilian and military agency.
>
> (2) The agency recruited for the position in question by
> using a merit vacancy announcement which notes that
> the agency is an equal opportunity employer.  It
> should be noted that military vacancies are filed
> through assignments, not by a competitive merit system
> process that use vacancy announcements.
>
> (3) The Plaintiff's name was referred to the selecting
> official on a civilian Merit Promotion Certificate
> which was issued in accordance with TPR 300, the
> civilian personnel Merit Placement Program.  Vacant
> military billets are not filed from Merit Promotion
> Certificates issued by the Human Resources Office.

(4) The Plaintiff used an optional application for Federal Employment - OF 612- to apply for the civilian position of Aircraft Systems Supervisor. This application is not used to fill vacant military positions.

(5) The Plaintiff filed an administrative EEO complaint in accordance with the procedures outlined in National Guard Regulation 690-600, **_Civilian Discrimination Complaint Process and Adjudication_**". The agency noted that the Plaintiff's complaint was filed as a _"Technician"_, _"not a Military Claim"_, when it determined that the Alabama National Guard dismissal of the complaint was improper.

(6) The Plaintiff filed an appeal with the EEOC in accordance with the instruction provided by the agency in its Final Agency Decision (FAD). The FAD outlined the Plaintiff's rights to file an appeal with the EEOC in accordance with Chapter 8, National Guard Regulation (NGR) (AR) 690-600 and Title 29 Code of Federal Regulations, Part 1614. The FAD also acknowledged the Plaintiff's right, under Title VII of the Civil Rights Act, the Age Discrimination in Employment Act or the Rehabilitation Act to file a civil action.

## IV.  Conclusion

For the forgoing reasons, the Plaintiff has clearly stated a valid claim justiciable under Title VII.  Therefore, the defendants' motion to dismiss on the basis that the Plaintiff failed to state a claim pursuant to Fed. R. Civ. P. 12 (b) (6) is due to be and should be denied.  Moreover, the defendant's motion for an alternative summary judgment pursuant to Fed R. Civ. P. 56, is due to be and should be denied.


_Stephen Paulk_
Stephen D. Paulk
1786 Hillabee Road
Ramer, AL  36069
334-562-9453

Prose Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on June 23, 2006, I filed the foregoing with the Clerk of the Court and placed copies of same in the United States mail, first class postage affixed addressed to:

R. Randolph Neeley
Assistant United States Attorney
P.O. Box 197
Montgomery, AL  36101-0197


Lt. Col Michael E. Hokenson
U.S. Army Litigation Division
901 North Stuart Street, Suite 401
Arlington, VA  22203-1837


Stephen D. Paulk
Prose Plaintiff