IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| STEPHEN D. PAULK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No.: **2:05-CV-1141-WKW-CSC** |
| | ) |
| FRANCIS J. HARVEY, Secretary of the Army, and the DEPARTMENT of the ARMY. | ) |
| | ) |
| Defendants. | ) |

**DEFENDANT'S REPLY TO PLAINTIFF'S SUPPLEMENTAL RESPONSE TO DEFENDANT'S MOTION TO DISMISS, OR IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

Defendants Dr. Francis J. Harvey, Secretary of the Army, and the Department of the Army[1] (together hereinafter the "Army"), by their undersigned counsel, replies to Plaintiff's, SSG Stephen D. Paulk's, Supplemental Response to Defendants' Motion to Dismiss or in the Alternative for Summary Judgement and moves this Court to dismiss the plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6)) for failure to state a claim, or, in the alternative, summary judgement pursuant to Fed R. Civ. P. 56. Defendant respectfully refers this Honorable Court to its original motion and reply briefs and will not seek to reargue the substantive provisions of

---

[1] Defendants continue to assert that Dr. Francis J. Harvey, Secretary of the Army, is the only proper defendant in this action as he is the head of the agency pursuant to 42 U.S.C. § 2000e-16(c).

1

those court filings. Defendant will, instead, only reply to SSG Paulk's latest Supplemental brief.

**A. No Material Facts in Dispute.**

Defendant has previously set forth a concise statement of facts that are supported by the record and which have not been contested by the plaintiff, SSG Paulk, in any manner. Therefore, these facts should be deemed as admitted. Nor has SSG Paulk alleged any fact in dispute or asserted any factual statement that is disputed by defendant for the purposes of its Motion to Dismiss or, in the Alternative, for Summary Judgment[2]. Accordingly, this case is ripe for this Honorable Court to issue a ruling on SSG Paulk's failure to timely and properly exhaust his administrative remedies and because his Title VII claims are inextricably tied to his status as a uniformed member of the Alabama National Guard so to make such claims nonjusticiable.

**B. Claims Under the Older Workers Benefit Protection Act Fail to State a Claim**

Defendant specifically noted in both his Motion to Dismiss and his Reply briefs that there is no statutory authority or waiver of sovereign immunity that would permit claims under the Older Workers Benefit Protection Act (OWBPA). SSG Paulk has failed to establish any such authority and his claims under the OWBPA are due to be dismissed as a matter of law.

**C. SSG Paulk's Age Discrimination Claim Should Be Dismissed for Failure to Timely Exhaust Administrative Remedies.**

---

[2] SSG Paulk does engage in argument and makes conclusory statements, that defendant does not agree to, as to what the evidence establishes. For example, he states that the defendant failed to demonstrate how the selecting official weighed SSG Paulk's qualifications. See Paulk Supplemental Brief at para. III. 7. Defendant is uncertain as to what time frame SSG Paulk speaks to in this regard and further notes that this is argument not fact. Later, SSG Paulk states that he filed his appeal of the final agency decision with the EEOC, but he does not contest the fact that this appeal was received by the EEOC well past the permissible appeal period. Id. at para. III. 10. Finally, he alleges he received a denial of his request for reconsideration, which defendant readily agrees to, but then draws the incorrect conclusion that this indicates he fully exhausted his administrative remedies. Id. at para. III. 11.

SSG Paulk has not, and cannot, dispute the fact that the EEOC denied his appeal as being untimely filed. DEX 11. He somehow concludes that this EEOC decision *rejecting* his appeal as untimely filed establishes that he fully exhausted his administrative remedies. Paulk Supplemental Brief at para. III. 11. He does not acknowledge the reality that his failure to timely file his appeal when he make an affirmative election to pursue administrative remedies demonstrates that he did not *properly* or *timely* exhaust his administrative remedies. In a *de novo* proceeding in a federal district court, SSG Paulk had the opportunity to establish facts with competent evidence that would establish his burden of proving that he timely exhausted his administrative remedies or was entitled to equitable tolling. He instead improperly tries to bootstrap an EEOC denial of his appeal into a decision that binds this Honorable Court. In accordance with *Brown v. General Services Admin.*, 425 U.S. 820, 833 (1976), SSG Paulk's case should be dismissed for failure to timely and properly exhaust his administrative remedies that he affirmatively elected to follow.

**D. Status of National Guard Technicians ("Guard-technicians")**

The unique status of the hybrid National Guard Technician under 32 U.S.C § 709 has presented courts with a challenge as to how to categorize these hybrid technicians for the purposes of various causes of action. As set out in Defendant's Motion to Dismiss, Congress elected to provide a mechanism to federally fund these technicians while ensuring that they were, at the same time, fully integrated into the unique *military* structure of the National Guard. To the casual observer, there would be little difference between a group of military uniformed soldiers performing aircraft maintenance either by Title 32 National Guard Technicians at the Mobile facility or by Title 10 active duty Army soldiers at Fort Rucker. To paraphrase a common saying, if the individual looks like a soldier, acts like a soldier, talks like a soldier, has

the legal status of being a soldier and wears the rank of a soldier, than perhaps the individual is a soldier.

Both parties readily agree that Title VII excludes military members from its coverage. *Gonzales v. Dept. of Army*, 718 R.2d 926, 928 (9th Cir. 1983). As noted previously by defendant, SSG Paulk wore a military uniform at work, fell under command and control of military personnel, complied with the normal customs and courtesies of military service, and could be called upon to serve on federalized active duty service. DEX 2 at para. 2. Military status is so critical that the National Guard Technician Act <u>requires</u> that the technician be a member of the National Guard and hold a military grade, 32 U.S.C. § 709(b) and that a member separated from their military status with the National Guard "be promptly separated from his technician employment..." 32 U.S.C. § 709(e)(1).

SSG Paulk attempts to distinguish the cases of *NeSmith v. Fulton*, 615 F.2d 196 (5th Cir. 1980)[3] and *Wright v. Park*, 5 F.3d 586 (1st Cir. 1993) from his own case by pointing out that these cases involved claims under 42 U.S.C. § 1983. If anything, the court's finding that a National Guard Technician is generally precluded from alleging actions under § 1983 is actually a broader holding than a decision confined to only Title VII. Moreover, it is clear that every U.S. Circuit Court of Appeals that has examined the status of National Guard Technicians has, as in *NeSmith*, explicitly considered the close military nexus between a civilian technician and his or

---

[3] SSG Paulk asserts, without any type of legal citation, that the court in *NeSmith* noted that "it was not reviewing a Title VII claim...." Supplemental Brief at p. 8. However, Defendant is unable to find any reference that supports this assertion by SSG Paulk in this case. Defendant also disputes the assumption made by SSG Paulk that the court in *NeSmith* was inferring Title VII coverage. Defendant believes that SSG Paulk was referring, instead, to *Brown v. United States,* 227 F.3d 295 (5th Cir. 2000). While the 5th Circuit in *Brown* did briefly examine the distinction between Title VII coverage and claims under 42 U.S.C. § 1983, the court explicitly noted that they were not faced with a difficult classification of finding whether the conduct is "integrally related to the military's unique structure" but found that Brown's claims were "made by a member of the 'uniformed services'" and therefore not justiciable. *Id*. at 299.

her role in the context of serving as a uniformed military member. Perhaps most importantly, the 11th Circuit has explicitly ruled that "members of the National Guard are generally employees of the state; but where the facts indicate that the person is on full-time military duty and other factors indicate that the person is more military than civilian, no Title VII action may be brought." *Stinson v. Hornsby* 821 F.2d 1537, 1541 (11th Cir. 1987), *cert denied* 488 U.S. 959 (1988).

In *Stinson*, the 11th Circuit was also faced with a complaint of discrimination from a National Guard Technician who claimed discrimination on account of his race with regard to his opportunities to serve as a supervisor and his ultimate termination. The court noted that the plaintiff (1) wore a uniform; (2) he served on full-time military duty; (3) he was paid by the federal government; and (4) was subject to military discipline. "Thus, we conclude that [plaintiff], a member of the national guard, is not an employee of the state of Alabama for purposes of Title VII." *Id.* at 1539-40. Moreover, the court noted "where the facts indicate that the person is on full-time military duty and other factors indicate that the person is more military than civilian, no Title VII action may be brought." *Id* at. 1541. While the court remanded the 42 U.S.C. § 1983 claims back to the district court for further review (demonstrating the broader scope of these constitutionally based claims) the court's position on Title VII application to technicians was clear and unambiguous in prohibiting such coverage. See also, *Burnett v. Pridmore*, 2000 U.S. Dist. LEXIS 22239 (N.D. Ala 2000) (complaint about non-selection for Sergeant Major rank nonjusticiable under Title VII).

SSG Paulk argues that processing his case under National Guard Regulation 690-600, *Civilian Discrimination Complaint Process and Adjudication*, which specifically applies only to National Guard Technicians, and that the final agency decision detailing the options of pursuing a case in federal court essentially require this Honorable Court to find his claims justiciable. He

cites no authority for this proposition and even if the National Guard affirmatively elected to provide technicians with a broader scope and more detailed processing of discrimination complaints, such an action does not and cannot make the matter justiciable on its own. As noted in prior filings, some circuits have granted more leeway to National Guard Technicians in filing Title VII complaints. Therefore it is not surprising that the National Guard Bureau would ensure that all technician's discrimination complaints were handled in a consistent manner no matter what circuit their claims arose in and that, further, the more elaborate procedures applicable to civilians be established as the minimum standard. Affording a military member more due process and independent review than required by the law of some circuits does not infer that all federal courts must accept the judicial complaint as justiciable. The federal courts, and not the EEOC or National Guard, are the final arbiters of what is cognizable and justiciable cause of action.

In this case, the parties do not dispute that a military grade inversion was an explicit consideration of the selecting official. Nor do the parties dispute the fact that SSG Paulk was junior in military grade to Sergeant First Class Robert Mustin who was in the same shop that SSG Paulk desired to be promoted into. DEX 2 at para. 5. It is also clear that National Guard Regulation 600-25, para. 2-1a, explicitly prohibited military grade inversions. DEX 3 at para. 2-1.a.

The selecting official, Chief Warrant Officer Donald MacGregor, made it clear that SSG Paulk was "probably the weakest candidate" demonstrating a lack of enthusiasm and leadership expertise during his interview. (DEX 2 at para. 6. SSG Paulk himself acknowledges that another candidate had "a whole lot more experience" than he had and was more qualified for the position. DEX 11 at p. 195, lines 14-22. Implicit in the selection decision was the factor that the individual selected to be a supervisor could very well, and later did, deploy in support of military operations. DEX 2 at para. 7. It is also undisputed that from the very beginning of this selection

process that a grade inversion, involving a matter explicitly within the military sphere – a soldier's rank, was a key consideration. Even assuming *arguendo* that SSG Paulk had been the most qualified of all applicants, which even SSG Paulk agrees is not the case, his junior military rank precluded him from taking the position. While he suggests that the National Guard could have reassigned an experienced mechanic in the shop to make room for him, and further disrupting the operations of that shop, he cites to no authority that would force the National Guard into such a choice that would potentially compromise their military mission.

### IV.  CONCLUSION.

For the foregoing reasons, this case should be dismissed with prejudice for failure to state a claim or for lack of subject matter jurisdiction.

Respectfully submitted,

LEURA GARRETT CANARY
UNITED STATES ATTORNEY


By:   s/R. Randolph Neeley
      R. Randolph Neeley
      Assistant United States Attorney
      Bar Number 9083-E56R
      Attorney for Defendnat
      Post Office Box 197
      Montgomery, Alabama 36101
      Telephone No.: (334) 223-7280
      Facsimile No.: (334) 223-7481
      E-mail: rand.neeley@usdoj.gov

OF COUNSEL:

Lt. Col. Michael E. Hokenson
U.S. Army Litigation Division
901 North Stuart Street, Suite 401
Arlington, VA 22203-1837
Telephone No.: (703) 696-1606
Facsimile No.: (703) 696-2532
E-mail: Michael.Hokenson@hqda.army.mil

## **CERTIFICATE OF SERVICE**

      I hereby certify that on July 3, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and placed a copy of same in the United States mail, first class postage affixed, addressed to:

>Stephen D. Paulk, *Pro Se*
>1786 Hillabee Rd.
>Ramer, AL 36069

>>s/R. Randolph Neeley
>>Assistant United States Attorney