IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| STEPHEN D. PAULK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 2:05cv1141-WKW |
| | ) [wo] |
| FRANCIS J. HARVEY, Secretary of the | ) |
| Army, and the DEPARTMENT OF THE | ) |
| ARMY, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

This case is before the Court on the defendants' Motion to Dismiss, or in the Alternative, for Summary Judgment (Doc. # 17). Because the motion relied on matters outside the pleadings, the Court converted it into a motion for summary judgment (Doc. # 19). The pro se plaintiff, Stephen D. Paulk ("Paulk"), filed this action pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et. seq. ("Title VII"), the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 623 ("ADEA"), and the Older Workers Benefit Protection Act, PL 101-433, 104 Stat. 978 (1990) ("OWBPA"), alleging that he was denied a promotion because of his age. The defendants, the Department of the Army and the Secretary of the Army, Francis J. Harvey, assert that because the plaintiff's claims are "integrally related to the military's unique structure," they are non-justiciable by this Court.[1] Paulk has responded to the defendants' motion. After careful review of

---

[1] The defendants also assert that the Department of the Army is not a proper defendant; the complaint fails to state a claim under the Older Workers Benefit Protection Act; and the plaintiff failed to timely exhaust his administrative remedies as grounds to dismiss the complaint. However, the Court pretermits discussion of these grounds because it concludes that the defendants' motion for summary judgment is due to be granted because it lacks subject matter jurisdiction to hear this matter.

the briefs and pleadings in this case, the Court concludes that the defendants' motion for summary judgment is due be granted.

## I. FACTS AND PROCEDURAL HISTORY

This case arises out of the failure to promote Paulk. The material facts are largely undisputed.[2] Where a fact is in dispute, it is portrayed in the light most favorable to the non-movant. The facts contained in the parties' evidentiary submissions show the following:

Paulk was employed as a military technician with the Alabama Army National Guard stationed at AASF # 1 in Hope Hull, Alabama, holding the rank of Staff Sargeant. As a military technician with the Alabama Army National Guard, Paulk was required to be a member of the National Guard, hold the requisite military grade specified for his position, and wear the appropriate military uniform. *See* 32 U.S.C. § 709(b).

On August 4, 2001, Paulk applied for the position of Aircraft Systems Supervisor, WS-8810-10, located at AASF # 3, Mobile, Alabama. The vacancy announcement described the position as a "Military Technician" and required applicants to hold "Officer/Warrant Officer/Enlisted" military grade in order to be eligible for consideration. (Pl's Ex. 1.)

Paulk was deemed qualified and eligible for the position. However, one consideration that arose during the selection process was grade inversion.[3] Paulk was junior in rank to Sergeant First Class Robert Mustin who was already employed at AASF # 3. Consequently, if Paulk received the

---

[2] The Court construes the facts in the light most favorable to the plaintiff and, for the purpose of resolving the motion for summary judgment, draws all reasonable inferences in the plaintiff's favor. *See, e.g., Brown v. Crawford*, 906 F.2d 667 (11th Cir. 1990).

[3] "A grade inversion is where a person is subordinate in military rank to the person he or she supervises." (Pl's Ex. 7 ¶ 5.)

position, Mustin would have to be reassigned because Paulk as a lower ranking sergeant could not supervise Mustin, a sergeant first class.

Chief Warrant Officer Donald MacGregor, as the decision-maker, interviewed Paulk and six other candidates. MacGregor selected Cecil W. Wiggins, who was forty-two years old, for the position. Paulk was fifty-one years old. Lieutenant Colonel Charles Bonasera concurred with MacGregor's selection of Wiggins. (Pl's Ex. 6). Paulk then filed this action, alleging that he was denied a promotion because of his age.

## II. JURISDICTION AND VENUE

The parties do not contest personal jurisdiction or venue, and the Court finds adequate allegations in support of both. The plaintiff premises jurisdiction on the court's federal question jurisdiction, 28 U.S.C. § 1331, and the jurisdictional grant in 42 U.S.C. § 2000e-5. However, the Court cannot exercise jurisdiction over the subject matter of this suit.

## III. SUMMARY JUDGMENT STANDARD

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The party asking for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Id*. at 323. The movant can meet this burden by presenting evidence showing there is no dispute of material fact, or by showing

the non-moving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Id*. at 322-23.

Once the moving party has met its burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id*. at 324. To avoid summary judgment, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). On the other hand, a court ruling on a motion for summary judgment must believe the evidence of the non-movant and must draw all justifiable inferences from the evidence in the non-moving party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). After the nonmoving party has responded to the motion for summary judgment, the court must grant summary judgment if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).

## IV. DISCUSSION

### A. *The Feres Doctrine*

The law has long been established that members of the armed services cannot sue the United States government for injuries arising out of or in the course of their military service. *See Feres v. United States*, 340 U.S. 135, 146 (1950) ("[T]he Government is not liable under the Federal Torts Claims Act for injuries to servicemen where the injuries arise out of or are in the course of activity incident to service."). Although the *Feres* doctrine developed in the context of claims arising under the Federal Tort Claims Act, the Supreme Court later expanded the holding in *Feres* to include all suits for damages. *See Chappell v. Wallace*, 462 U.S. 296, 305 (1983) (applying doctrine to suits

seeking damages from a superior officer for alleged constitutional violations); *United States v. Shearer*, 473 U.S. 52, 59 (1985) (non-constitutional violations); *United States v. Stanley*, 483 U.S. 669, 684 (1987) (*Bivens* claims). The Eleventh Circuit Court of Appeals has held that this doctrine of nonjusticiability also extends to claims for injunctive relief. *Spiegner v. Alexander*, 248 F.3d 1292, 1295 (11th Cir. 2001) ("[W]e now hold that cases brought by enlisted personnel against the military for injuries incident to service are nonjusticiable, whether the claims request monetary damages or injunctive relief.").

Accordingly, if Paulk's injury was incident to his service in the Alabama Army National Guard, his claims are non-justiciable. The Court considers three factors in making this determination: (1) the duty status of the service member, (2) the place where the injury occurred, and (3) the activity the serviceman was engaged in at the time of injury. *Id.* at 1298; *Pierce v. United States*, 813 F.2d 349, 352-53 (11th Cir. 1987) (per curiam). The rationale behind this test is to separate cases that may interfere with military discipline and command decisions from those that do not. *See Whitley v. United States*, 170 F.3d 1061, 1069 (11th Cir. 1999).

At the time Paulk was denied the promotion, he was employed as a military technician with the Alabama Army National Guard. He applied for and was denied the position as an aircraft systems supervisor in which capacity he would supervise other military technicians. The position required a military rank. Chief Warrant Officer MacGregor made the selection decision which was concurred with by Lieutenant Colonel Bonasera. One factor MacGregor considered was the grade inversion between Paulk and Mustin.[4] After interviewing all candidates, MacGregor selected

---

[4] Although Paulk argues that the grade inversion could have been avoided by reassigning Mustin, it is precisely this type of involvement in military decisions that the *Feres* doctrine seeks to prevent.

Wiggins based on "his overall background, knowledge, skills, abilities, training, and education." (Pl's Ex. 7 ¶ 7.) "To dictate to the military which officers should be considered competent would be to interfere in just the way that *Feres* and its progeny preclude." *Speigner*, 248 F.3d at 1298. The Court concludes that the promotion decision was clearly "incident to service" in the Alabama Army National Guard, and consequently, barred from review by the *Feres* doctrine.

### B. Civilian versus Military Employee for Title VII Purposes

The plaintiff argues that because he was a federal civilian employee pursuant to 32 U.S.C. § 709, his claims are fully cognizable under Title VII, ADEA, and OWBPA. The court disagrees. It is undisputed that Paulk is considered a "dual status" employee and is a federal employee for certain purposes such as retirement and other benefits. *See* 32 U.S.C. § 709(e). However, this fact alone is insufficient to preclude summary judgment. Courts have consistently concluded that claims by military technicians employed pursuant to the National Guard Technicians Act are "irreducibly military in nature" and thus, non-reviewable by this Court.

Although the Eleventh Circuit Court of Appeals has not specifically held that National Guard military technicians' positions are "irreducibly military in nature," the majority of circuit courts of appeals that have examined the issue have so concluded. In *Leistiko v. Stone,* the Sixth Circuit determined that the hybrid positions "are irreducibly military in nature." 134 F.3d 817, 820-21 (6th Cir. 1998). The court noted that every court having the occasion to consider the capacity of National Guard technicians has determined that capacity to be irreducibly military in nature. *Id*. at 821; *see also Fisher v. Peters*, 249 F.3d 433 (6th Cir. 2001). In *Wright v. Park*, 5 F.3d 586 (1st Cir. 1993), the plaintiffs, who were employed pursuant to 32 U.S.C. § 709, brought civil rights actions against military officers in their chain of command. The court concluded that "since National Guard

technicians' positions are encompassed within a military organization and require the performance of work directly related to national defense, such positions are themselves military in nature," *id.* at 588-89, and, thus, the plaintiffs' claims were non-justiciable. The Second Circuit has found that promotions and transfers of National Guard technicians, as well as actions by military supervisors, are "integrally related to the military's unique structure." *Luckett v. Bure*, 290 F.3d 493, 498 (2d Cir. 2002). In *Hupp v. United States Dep't of the Army*, 144 F.3d 1144, 1148 (8th Cir. 1998), the Eighth Circuit affirmed that the National Guard technician's Title VII claim was non-justiciable because the employment decision involved an assessment of military qualifications. Finally, in *Mier v. Owens*, 57 F.3d 747 (9th Cir. 1995), the Ninth Circuit concluded that the allegedly discriminatory personnel action complained of was "integrally related to the military's structure," and non-justiciable:

> Military promotion is one of the most obvious examples of a personnel action that is integrally related to the military's structure. Decisions regarding who is promoted and why are central to maintenance of the military's hierarchy. Title VII does not allow this court to review decisions regarding the military promotion of individuals serving as Guard technicians.

*Id.* at 751.

The reasoning of these courts is persuasive. Paulk asks the Court to review a decision by his military superiors concerning the selection of the officer who would supervise other military technicians. The Court cannot do so as the position is military in nature. Consequently, the Court concludes that Paulk's claims are non-justiciable.

## V.  CONCLUSION

Accordingly, it is ORDERED that the defendants' motion for summary judgment (Doc. # 17) is GRANTED,  and all claims are DISMISSED with prejudice.

An appropriate judgment will be entered.

DONE this the 27th day of September, 2006.

                             /s/  W.  Keith Watkins
                         UNITED STATES DISTRICT JUDGE